1  WRIGHT, FINLAY & ZAK, LLP
   Robin Prema Wright, Esq., SBN 150984
2  Sonia A. Plesset, Esq., SBN 156456
3  4665 MacArthur Court, Suite 280
   Newport Beach, CA 92660 *(Perez/Pleading/Answer)*
4  Tel: (949) 477-5050; Fax: (949) 477-9200

5
   Attorneys for Defendant,
6  SOUTH PACIFIC FINANCIAL CORPORATION, a California corporation

7
                    UNITED STATES DISTRICT COURT
8
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
                         SAN JOSE DIVISION
10

| | |
|---|---|
| CARLOS H. PEREZ, individually and on behalf of the general public, | Case No.: C08-01972-HRL |
| Plaintiff, | |
| vs. | **ANSWER OF SOUTH PACIFIC FINANCIAL CORPORATION TO FIRST AMENDED COMPLAINT** |
| GMAC MORTGAGE USA CORPORATION, A/K/A GMAC MORTGAGE, LLC, a Delaware corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; EXECUTIVE TRUSTEES SERVICES, LLC, a Delaware limited liability company; GREENPOINT MORTGAGE FUNDING, INC., a New York corporation; ANDRUS & ASSOCIATES, INC., PAUL RAY ANDRUS, individually and in his official capacity; HOMECOMINGS FINANCIAL, LLC, a Delaware limited liability company; COUNTRYWIDE HOME LOANS, INC., a New York corporation; SOUTH PACIFIC FINANCIAL CORPORATION, a California corporation; RESIDENTIAL MORTGAGE CAPITAL, D/B/A FIRST SECURITY LOAN; a California corporation; JAMES JOHN CHAPMAN, individually and in his official capacity; ELIZABETH P. CAMPOS, individually and in her official capacity; and DOES 1 through 20, inclusive, | Complaint filed: April 15, 2008 |
| Defendants. | |

1
ANSWER OF SOUTH PACIFIC CORPORATION TO FIRST AMENDED COMPLAINT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant South Pacific Financial Corporation, ("South Pacific" or "Defendant") hereby responds to Plaintiff Carlos H. Perez's ("Plaintiff") First Amended Complaint as follows:

1. Answering paragraphs 1 through 16 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein.

2. Answering paragraph 17 of the First Amended Complaint, Defendant admits the allegations contained therein.

3. Answering paragraphs 18 through 46 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein.

4. Answering paragraphs 47 through 51 of the First Amended Complaint, Defendant admits the allegations contained therein.

5. Answering paragraph 52 of the Complaint, Defendant admits only that the deeds of trust were executed, but lacks sufficient information to respond to the allegations that the subject property is Plaintiff's principal dwelling, and on that basis denies that allegation.

6. Answering paragraphs 53 through 55 of the First Amended Complaint, Defendant admits the allegations contained therein.

7. Answering paragraphs 56 through 59 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein.

8. Answering paragraph 60 of the First Amended Complaint, Defendant admits the allegations contained therein.

9. Answering paragraph 61 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein. Defendant further asserts that the HUD-1 statement speaks for itself.

10. Answering paragraphs 62 through 63 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein.

11. Answering paragraph 64 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein. Defendant further asserts that the HUD-1 statement speaks for itself.

12. Answering paragraph 65 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein.

13. Answering paragraph 66 of the First Amended Complaint, Defendant denies the allegations contained therein.

14. Answering the allegations of paragraph 67 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein. Defendant further asserts that the HUD-1 statement speaks for itself.

15. Answering paragraphs 68 through 69 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein.

16. Answering paragraphs 70 through 80 of the First Amended Complaint, Defendant denies the allegations contained therein.

17. Answering paragraph 81 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein.

18. Answering paragraph 82 of the First Amended Complaint, Defendant denies the allegations contained therein.

19. Answering paragraph 83 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein.

20. Answering paragraphs 84 through 87 of the First Amended Complaint, Defendant denies the allegations contained therein.

21. Answering paragraph 88 of the First Amended Complaint, Defendant admits only that a letter dated March 22, 2008 was written on behalf of Plaintiff. Defendant denies the remainder of the allegations contained therein.

22. Answering paragraph 89 of the First Amended Complaint, Defendant admits the allegations contained therein.

23. Answering paragraph 90 of the First Amended Complaint, Defendant admits that a letter was written on behalf of Plaintiff. Defendant denies the remainder of the allegations contained therein.

24. Answering the allegations of paragraphs 91 through 92 of the First Amended Complaint, Defendant admits the allegations contained therein.

25. Answering paragraphs 93 through 94 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein.

26. Answering paragraphs 95 through 96 of the First Amended Complaint, Defendant admits the allegations contained therein.

27. Answering the allegations of paragraphs 97 of the First Amended Complain, Defendant denies the allegations contained therein.

28. Answering paragraphs 98 through 161 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein.

///
///
///

## FIRST CLAIM FOR RELIEF

**Violation of Truth in Lending Act, 15 U.S. § 1601 et seq., and**

**Federal Reserve Board Regulation Z, 12 C.F.R. § 226 et seq.**

**(Against SOUTH PACIFIC Parties)**

29. Answering paragraph 162 of the First Amended Complaint, Defendant repeats and incorporates its responses to paragraphs 1 through 161.

30. Answering paragraphs 163 through 166 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein.

31. Answering paragraphs 167 through 183 of the First Amended Complaint, Defendant denies the allegations contained therein.

## SECOND CLAIM FOR RELIEF

**Violation of Truth in Lending Act, 15 U.S. § 1601 et seq., and**

**Federal Reserve Board Regulation Z, 12 C.F.R. § 226 et seq.**

**(Against GREENPOINT Parties)**

32. Answering paragraph 184 of the First Amended Complaint, Defendant repeats and incorporates its responses to paragraphs 1 through 183.

33. Answering paragraphs 185 through 206 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein.

## THIRD CLAIM FOR RELIEF

**Real Estate and Settlement Procedures Act, 12 U.S.C. § 2601 et seq., and**

**Federal Reserve Board Regulation X, 24 C.F.R § 3500 et seq.**

**(Against SOUTH PACIFIC Parties)**

34. Answering paragraph 207 of the First Amended Complaint, Defendant repeats and incorporates its response to paragraphs 1 through 206.

ANSWER OF SOUTH PACIFIC CORPORATION TO FIRST AMENDED COMPLAINT

1  35.  Answering paragraphs 208 through 211 of the First Amended Complaint,
2  Defendant does not have sufficient information to respond to the allegations and on that basis
3  denies each and every allegation contained therein.
4  36.  Answering paragraphs 212 through 213 of the First Amended Complaint,
5  Defendant does not have sufficient information to respond to the allegations and on that basis
6  denies each and every allegation contained therein. In addition, Defendant asserts that the
7  documents referenced therein speak for themselves.
8  37.  Answering paragraph 214 of the First Amended Complaint, Defendant does not
9  have sufficient information to respond to the allegations and on that basis denies each and every
10 allegation contained therein.
11 38.  Answering paragraph 215 of the First Amended Complaint, Defendant does not
12 have sufficient information to respond to the allegations and on that basis denies each and every
13 allegation contained therein. In addition, the documents speak for themselves.
14 39.  Answering paragraphs 216 through 220 of the First Amended Complaint,
15 Defendant denies the allegations contained therein.
16 40.  Answering paragraphs 221 of the First Amended Complaint, Defendant does not
17 have sufficient information to respond to the allegations and on that basis denies each and every
18 allegation contained therein. In addition, Defendant asserts that the statute referenced therein
19 speaks for itself.
20 41.  Answering paragraphs 222 through 226 of the First Amended Complaint,
21 Defendant denies the allegations contained therein.

## FOURTH CLAIM FOR RELIEF
**Real Estate and Settlement Procedures Act, 12 U.S.C. § 2601 et seq., and**
**Federal Reserve Board Regulation X, 24 C.F.R § 3500 et seq.**
**(Against GREENPOINT Parties)**

26 42.  Answering paragraph 227 of the First Amended of the Complaint, Defendant
27 repeats and incorporates its response to paragraphs 1 through 226.
28

6
ANSWER OF SOUTH PACIFIC CORPORATION TO FIRST AMENDED COMPLAINT

43. Answering paragraphs 228 through 246 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein.

### FIFTH CLAIM FOR RELIEF

### Fraud

### (Against BARRIOS, ANDRUS & ASSOCIATES, ANDRUS, RESIDENTIAL and CHAPMAN)

44. Answering paragraph 247 of the First Amended Complaint, Defendant repeats and incorporates its response to paragraphs 1 through 246.

45. Answering paragraphs 248 through 257 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein.

### SIXTH CLAIM FOR RELIEF

### Civil Conspiracy

### (Against All Defendants)

46. Answering paragraph 258 of the First Amended Complaint, Defendant repeats and incorporates its response to paragraphs 1 through 257.

47. Answering paragraphs 259 through 271 of the First Amended Complaint, Defendant denies the allegations contained therein.

### SEVENTH CLAIM FOR RELIEF

### Breach of Fiduciary

### (Against BARRIOS, ANDRUS & ASSOCIATES, ANDRUS, RESIDENTIAL and CHAPMAN)

48. Answering paragraph 272 of the First Amended Complaint, Defendant repeats and incorporates its response to paragraphs 1 through 257.

49. Answering paragraphs 273 through 282 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein.

7

ANSWER OF SOUTH PACIFIC CORPORATION TO FIRST AMENDED COMPLAINT

## EIGHT CLAIM FOR RELIEF

### Negligence

### (Against BARRIOS, ANDRUS & ASSOCIATES, ANDRUS, RESIDENTIAL and CHAPMAN)

50. Answering paragraph 283 of the First Amended Complaint, Defendant repeats and incorporates its response to paragraphs 1 through 282.

51. Answering paragraphs 284 through 293 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein.

## NINTHT CLAIM FOR RELIEF

### Negligence Training

### (Against ANDRUS & ASSOCIATES, ANDRUS, RESIDENTIAL and CHAPMAN)

52. Answering paragraph 294 of the First Amended Complaint, Defendant repeats and incorporates its response to paragraphs 1 through 293.

53. Answering paragraphs 295 through 301 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein.

## TENTH CLAIM FOR RELIEF

### Negligence Supervision

### (Against ANDRUS & ASSOCIATES, ANDRUS, RESIDENTIAL and CHAPMAN)

54. Answering paragraph 302 of the First Amended Complaint, Defendant repeats and incorporates its response to paragraphs 1 through 301.

55. Answering paragraphs 303 through 308 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein.

///
///
//

8
ANSWER OF SOUTH PACIFIC CORPORATION TO FIRST AMENDED COMPLAINT

## ELEVENTH CLAIM FOR RELIEF

### Violation of California Business and Professions Code § 17200 et seq.

### (Against All Defendants)

56. Answering paragraph 309 of the First Amended Complaint, Defendant repeats and incorporates its response to paragraphs 1 through 308.

57. Answering paragraphs 310 through 311 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein.

58. Answering paragraphs 312 through 320 of the First Amended Complaint, Defendant denies the allegations contained therein.

## TWELVETH CLAIM FOR RELIEF

### Elder Abuse and Defendant Adult Civil Protection Act,

### Cal. Welf. & Inst. Code § 15610 et seq.

### (Against All Defendants)

59. Answering paragraph 321 of the First Amended Complaint, Defendant repeats and incorporates its response to paragraphs 1 through 320.

60. Answering paragraphs 322 through 323 of the First Amended Complaint, Defendant does not have sufficient information to respond to the allegations and on that basis denies each and every allegation contained therein.

61. Answering paragraphs 324 through 334 of the First Amended Complaint, Defendant denies the allegations contained therein.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

As a first, separate and distinct defense to each and every cause of action asserted against this answering Defendant in the First Amended Complaint, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

///

///

### SECOND AFFIRMATIVE DEFENSE

#### (Estoppel)

As a second, separate and distinct defense to each and every cause of action asserted against this answering Defendant in the First Amended Complaint, Defendant alleges that Plaintiff, by his own acts and omissions occurring at all times relevant to this action, is estopped by virtue of this conduct, from obtaining the relief sought in the First Amended Complaint

### THIRD AFFIRMATIVE DEFENSE

#### (Waiver)

As a third, separate and distinct defense to each and every cause of action asserted against this answering Defendant in the First Amended Complaint, Defendant alleges that Plaintiff, by his own acts and conduct occurring at all times relevant to this action, has waived any right to obtain the relief sought in the First Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE

#### (Laches)

As a fourth, separate and distinct defense to each and every cause of action asserted against this answering Defendant in the First Amended Complaint, Defendant alleges that Plaintiff, by his own acts and conduct occurring at all times relevant to this action, are barred from recovery by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

As a fifth, separate and distinct defense to each and every cause of action asserted against this answering Defendant in the First Complaint, Defendant alleges that Plaintiff's claims are barred by the applicable statute of limitations, including, but not limited to 15 U.S.C. 1640(e).

### SIXTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

As a sixth, separate and distinct defense to each and every cause of action asserted against this answering Defendant in the First Amended Complaint, Defendant alleges that Plaintiff has failed to mitigate his damages.

### SEVENTH AFFIRMATIVE DEFENSE

### (No Damages)

As a seventh, separate and distinct defense to each and every cause of action asserted against this answering Defendant in the First Amended Complaint, Defendant alleges that Plaintiff has not been damaged.

### EIGHTH AFFIRMATIVE DEFENSE

### (Limited Agency)

As eighth, separate and distinct defense to each and every cause of action asserted against this answering Defendant in the First Amended Complaint, Defendant alleges that it has only a limited agency relationship with the other defendants, and that the allegations of the First Amended Complaint relate to claims that fall outside the scope of that conduct.

### NINTH AFFIRMATIVE DEFENSE

### (Third Party Conduct)

As ninth, separate and distinct to each and every cause of action asserted against answering Defendant in the First Amended Complaint, Defendant alleges that the conduct complained of was that of third parties and Plaintiff damages, if any, were proximately caused by such conduct and not by any acts or omissions of this Defendant.

WHEREFORE, this answering Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of his complaint and that the complaint be dismissed;

2. For attorneys' fees and costs of suit, to the extent permitted by law;

3. For such other and further relief as the Court deems just and proper.

WRIGHT, FINLAY & ZAK, LLP

Dated: May 27, 2008     By:     /S/ Robin P. Wright
Robin P. Wright, Esq.,
Sonia A. Plesset, Esq.,
Attorney for Defendant,
SOUTH PACIFIC FINANCIAL
CORPORATION

ANSWER OF SOUTH PACIFIC CORPORATION TO FIRST AMENDED COMPLAINT

## VERIFICATION

I, Robert Pickham, am Senior Vice President for SOUTH PACIFIC FINANCIAL CORPORATION, a Defendant in the above-entitled action, and am authorized to make this Verification on its behalf. I have read the foregoing **ANSWER OF SOUTH PACIFIC FINANCIAL CORPORATION TO FIRST AMENDED COMPLAINT** and know the contents. The same is true of our own knowledge except as to those matters stated on information and belief, and as to those matters we believe them to be true.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct and that this Verification was executed on May 27, 2008, at Rancho Cucamonga, California.

By: _____
Robert Pickham, Declarant

\_\\Wfzserver\my_civil_files\CV Directory\Perez Carlos\Pleading\Verification.doc

1
VERIFICATION

```
WRIGHT, FINLAY & ZAK, LLP
Robin Prema Wright, Esq., SBN 150984
Sonia A. Plesset, Esq., SBN 156456
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 477-9200 (Perez/Pleading/Certificate of Service)

Attorneys for Defendant,
SOUTH PACIFIC FINANCIAL CORPORATION, a California corporation
```

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CARLOS H. PEREZ, individually and on behalf of the general public,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GMAC MORTGAGE USA CORPORATION, A/K/A GMAC MORTGAGE, LLC, a Delaware corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; EXECUTIVE TRUSTEES SERVICES, LLC, a Delaware limited liability company; GREENPOINT MORTGAGE FUNDING, INC., a New York corporation; ANDRUS & ASSOCIATES, INC., PAUL RAY ANDRUS, individually and in his official capacity; HOMECOMINGS FINANCIAL, LLC, a Delaware limited liability company; COUNTRYWIDE HOME LOANS, INC., a New York corporation; SOUTH PACIFIC FINANCIAL CORPORATION, a California corporation; RESIDENTIAL MORTGAGE CAPITAL, D/B/A FIRST SECURITY LOAN; a California corporation; JAMES JOHN CHAPMAN, individually and in his official capacity; ELIZABETH P. CAMPOS, individually and in her official capacity; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No.: C08-01972-HRL<br><br>**CERTIFICATE OF SERVICE**<br><br>Complaint filed: April 15, 2008 |

CERTIFICATE OF SERVICE

1  I, Gretchen Grant, declare as follows:

2  I am employed in the County of Orange, State of California. I am over the age of
3  eighteen (18) and not a party to the within action. My business address is 4665 MacArthur
   Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of
4  Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with
   the United States Postal Service. Such correspondence is deposited with the United States
5  Postal Service the same day in the ordinary course of business.

6
   On May 27, 2008, I served the within **ANSWER OF SOUTH PACIFIC FINANCIAL**
7  **CORPORATION TO FIRST AMENDED COMPLAINT** on all interested parties in this
   action as follows:
8

9  [X]  by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s)
        addressed as follows:
10                                   **SEE SERVICE LIST**

11 [x]  (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date
12      following ordinary business practices.

13 [ ]  (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200,
14      complied with California Rules of Court, Rule 2003, and no error was reported by the
        machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to
15      print a transmission record of the transmission.

16 [ ]  (BY PERSONAL SERVICE) I have caused our Service of Process, First Legal to serve
17      all interested parties in this action.

18 [ ]  (BY FEDERAL EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies
        of thereof enclosed in a package designated by Federal Express with the delivery fees
19      provided for.

20
   [X]  (Federal) I declare that I am employed in the office of a member of the bar of this Court
21      at whose direction the service was made.

22 Executed on May 27, 2007, at Newport Beach, California.
23
        /s/ Gretchen Grant
24      Gretchen Grant

25
26
27
28

CERTIFICATE OF SERVICE

**SERVICE LIST**

Fred W. Schwinn, Esq.
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113
408-296-6100; Fax: 408-624-6100
Email: fred.schwinn@sjconsumerlaw.com

Balam O. Letona, Esq.
LAW OF OFFICE OF BALAM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, California 95060
831-421-0200; Fax: 831-621-9659
Email: letonalaw@gmail.com
**Attorneys for Plaintiff, CARLOS H. PEREZ**

CERTIFICATE OF SERVICE