LOCKE LORD BISSELL & LIDDELL LLP
John M. Hochhausler (SBN: 143801)
jhochhausler@lockelord.com
Nina Huerta (SBN: 229070)
nhuerta@lockelord.com
300 South Grand Avenue, Eighth Floor
Los Angeles, California 90071
Telephone: 213.485.1500
Facsimile: 213.485.1200

Thomas J. Cunningham (*pro hac vice*)
tcunningham@lockelord.com
J. Matthew Goodin (*pro hac vice*)
mgoodin@lockelord.com
111 South Wacker Drive
Chicago, Illinois 60606
Phone: 312-443-0472
Fax: 312-896-6472

Attorneys for Defendants
GMAC MORTGAGE USA CORPORATION, HOMECOMINGS FINANCIAL, LLC and EXECUTIVE TRUSTEE SERVICES, LLC

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CARLOS H. PEREZ, individually and on behalf of the general public,

Plaintiff,

v.

GMAC MORTGAGE USA CORPORATION, a/k/a GMAC MORTGAGE, LLC, a Delaware corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; EXECUTIVE TRUSTEE SERVICES, LLC, a Delaware limited liability company; GREENPOINT MORTGAGE FUNDING, INC., a New York corporation; ANDRUS & ASSOCIATES, INC., a California corporation; PAUL RAY ANDRUS, individually and in his official capacity; HOMECOMINGS FINANCIAL, LLC, a Delaware limited liability company; COUNTRYWIDE HOME LOANS,

CASE NO. C08-01972-JW

**DEFENDANTS GMAC MORTGAGE USA CORPORATION, HOMECOMINGS FINANCIAL, LLC AND EXECUTIVE TRUSTEE SERVICES, LLC'S PARTIAL MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Hon. James Ware

Date: July 21, 2008
Time: 9:00 a.m.
Place: Courtroom 8

Filed or Lodged Concurrently Herewith:

1. [Proposed] Order

1

GMAC MORTGAGE USA CORPORATION, HOMECOMINGS FINANCIAL, LLC AND EXECUTIVE TRUSTEE SERVICES, LLC'S PARTIAL MOTION TO DISMISS THE FIRST AMENDED COMPLAINT
(CASE NO. C08-01972-JW)

INC., a New York corporation; SOUTH PACIFIC FINANCIAL CORPORATION, a California corporation; RESIDENTIAL MORTGAGE CAPITAL, D/B/A FIRST SECURITY LOAN; a California corporation; JAMES JOHN CHAPMAN, individually and in his official capacity; LUIS G. BARRIOS, individually and in his official capacity; ELIZABETH P. CAMPOS, individually and in her official capacity; and DOES 1 through 20, inclusive,

Defendants.

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 28, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, Defendants GMAC Mortgage USA Corporation ("GMACM"), Homecomings Financial, LLC ("Homecomings") and Executive Trustee Services, LLC ("Executive" and sometimes collectively referred to with GMACM and Homecomings as the "Moving Parties") will bring for hearing before the Honorable James Ware, United States District Judge, in Courtroom 8 of the United States Courthouse located at 280 South First Street, San Jose, California, a Partial Motion to Dismiss the First Amended Complaint filed by Carlos H. Perez. This Motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and is based on this Notice of Motion and Motion, the incorporated Memorandum of Points and Authorities, the additional documents filed concurrently herewith, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing.

With this Motion, the Moving Parties seek an order from the Court granting the following relief:

1. Dismissing Count One alleging violations of the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA"), because Plaintiff's claims for civil damages and rescission are time-barred and/or barred by applicable Ninth Circuit authority;

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

2. Dismissing Count Two alleging violations of TILA as to all but Plaintiff's claim for rescission pursuant to section 1635 of TILA because any other form of relief is time-barred;

3. Dismissing Counts Three and Four alleging violations of the Real Estate and Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), because the claims are time-barred and because Plaintiff does not allege facts sufficient to sustain a claim against the Moving Parties; and

4. Dismissing Counts Six, Eleven and Twelve alleging "civil conspiracy" and violations of Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") and Cal. Welf. & Inst. Code §§ 15601, *et seq.* (the "Elder Abuse Act"), respectively, because the claims asserted are not recognized causes of action and/or Plaintiff does not allege facts sufficient to sustain the claims against the Moving Parties.[1]

[1] Although this Motion does not seek dismissal of the Complaint in its entirety—Plaintiff's claim for rescission of the Greenpoint Loans (part of Count Two) will remain if the Court grants the Motion—the filing of this Motion tolls the deadline for the Moving Parties to answer. *See, e.g., Batdorf v. TransUnion*, No. C 00-0501 CRB, 2000 WL 635455, *5 (N.D. Cal. May 8, 2000). To the extent a response to the claims and allegations of the Complaint that are not addressed by this Motion is required now, the Moving Parties deny all such claims and allegations and reserve all applicable defenses.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

**STATEMENT OF ISSUES TO BE DECIDED**

Pursuant to Civil Local Rule 7-4(a)(3), the Moving Parties set forth the following Statement of Issues to be Decided:

1. Whether Count One of the Complaint should be dismissed because Plaintiff's claims for civil damages and rescission are barred by TILA's one-year limitations period and by the Ninth Circuit's decision in *King v. California*, 784 F.2d 910 (9th Cir. 1986).

2. Whether Count Two of the Complaint should be dismissed as to all but Plaintiff's claim for rescission because all other relief is barred by TILA's one-year limitations period.

3. Whether Counts Three and Four of the Complaint should be dismissed because they are barred by RESPA's one-year limitations period and because Plaintiff does not allege facts sufficient to state a claim against the Moving Parties.

4. Whether Count Six of the Complaint should be dismissed because "conspiracy" is not a stand-alone cause of action and because Plaintiff does not allege facts sufficient to state a claim against the Moving Parties.

5. Whether Count Eleven of the Complaint should be dismissed because Plaintiff does not allege facts sufficient to state a claim against the Moving Parties under the UCL.

6. Whether Count Twelve of the Complaint should be dismissed because "elder abuse" is not a recognized cause of action and because Plaintiff does not allege facts sufficient to state a claim against the Moving Parties.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES .......... 1

I. INTRODUCTION .......... 1

II. PLAINTIFF'S ALLEGATIONS .......... 2

1. The South Pacific Loan Transactions. .......... 2
2. The Greenpoint Loan Transactions. .......... 3
3. Significant Facts Plaintiff Does *Not* Allege. .......... 3
4. The Claims Asserted. .......... 4

III. ARGUMENT .......... 4

A. PLAINTIFF'S TILA CLAIMS RELATING TO THE SOUTH PACIFIC LOANS (COUNT ONE) ARE BARRED AND SHOULD BE DISMISSED. .......... 4

1. Plaintiff's Claim For Civil Damages Under Section 1640 Is Time-Barred. .......... 4
2. Plaintiff's Claim For Rescission Is Precluded Because There Are No Loans To Rescind. .......... 5

B. PLAINTIFF'S TILA CLAIM FOR CIVIL DAMAGES RELATING TO THE GREENPOINT LOANS (COUNT TWO) IS TIME-BARRED AND SHOULD BE DISMISSED. .......... 6

C. PLAINTIFF'S RESPA CLAIMS (COUNTS THREE AND FOUR) ARE FACTUALLY DEFICIENT AS AGAINST THE MOVING PARTIES AND ARE TIME-BARRED IN ANY EVENT. .......... 6

D. PLAINTIFF'S "CLAIM" FOR CIVIL CONSPIRACY (COUNT SIX) IS NOT AN INDEPENDENT CAUSE OF ACTION AND IS UNSUPPORTED BY SUFFICIENT FACTUAL ALLEGATIONS IN ANY EVENT. .......... 8

E. PLAINTIFF'S "UNLAWFUL" UCL CLAIM (COUNT ELEVEN) FAILS BECAUSE HE ALLEGES NO CONDUCT WHATSOEVER BY THE MOVING PARTIES. .......... 11

F. PLAINTIFF'S "CLAIM" FOR ELDER ABUSE (COUNT TWELVE) IS NOT A RECOGNIZED CAUSE OF ACTION AND IS UNSUPPORTED BY SUFFICIENT FACTUAL ALLEGATIONS IN ANY EVENT .......... 12

IV. CONCLUSION .......... 14

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Barbera v. WMC Mortgage Corp.*, No 04-3738 SBA, 2006 WL 167632 (N.D. Cal. Jan. 19, 2000) ............ 5, 6

*Batdorf v. TransUnion*, No. C 00-0501 CRB, 2000 WL 635455 (N.D. Cal. May 8, 2000) ............ 3

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) ............ 8, 10

*Bloom v. Martin*, 865 F.Supp. 1377 (N.D. Cal. 1994) ............ 6, 7

*DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655 (9th Cir.1992) ............ 8

*Kay v. Wells Fargo*, No. C 07-01351 WHA, 2007 WL 2141292 (C.D. Cal. July 24, 2007) ............ 7, 8

*King v. California*, 784 F.2d 910 (9th Cir. 1986) ............ 4, 5

*Monaco v. Bear Stearns Residential Mortgage Corp.*, No. C 07-05607 SJO, 2008 WL 867727 (C.D. Cal. Jan. 28, 2008) ............ 5, 6

*Postow v. OBA Fed. Savings & Loan Assoc.*, 627 F.2d 1370 (D.C. Cir. 1980) ............ 5, 6

**State Cases**

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd*, 7 Cal.4th 503 (1994) ............ 8, 9

*Barrett v. Super. Ct.*, 222 Cal.App.3d 1176 (1990) ............ 13

*Berkley v. Dowds*, 152 Cal.App.4th 518 (2007) ............ 12

*Callum v. Hartford Accident & Indem. Co.*, 186 Cal.App.2d Supp. 885 (1959) ............ 13

*Kidron v. Movie Acquisition Corp.*, 40 Cal.App.4th 1571 (1995) ............ 9, 10

*Moran v. Endres*, 135 Cal.App.4th 952 (2006) ............ 8

*Southland Mech. Constructors Corp. v. Nixen*, 119 Cal.App.3d 417 (1981) ............ 13

*State v. CCC Information Services, Inc.*, 149 Cal.App.4th 402 (2007) ............ 9, 10

*Wyatt v. Union Mortgage Co.*, 24 Cal.3d 773 (1979) ............ 9

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

## TABLE OF AUTHORITIES
**(cont.)**

**Page(s)**

### Federal Statutes

12 U.S.C. §§ 2601, *et seq.* .......... 3
12 U.S.C. § 2614 .......... 8
15 U.S.C. §§ 1601, *et seq.* .......... 3
15 U.S.C. § 1635 .......... 4
15 U.S.C. § 1640 .......... 4, 5, 6

### State Statutes

Cal. Bus. & Prof. Code §§ 17200, *et seq.* .......... 3
Cal. Civil Code § 1632 .......... 12
Cal. Civil Code § 1652 .......... 10
Cal. Civ. Proc. Code § 338 .......... 11
Cal. Welf. & Inst. Code §§ 15601, *et seq.* .......... 3
Cal. Welf. & Inst. Code § 15610.30 .......... 12, 13

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

iii

GMAC MORTGAGE USA CORPORATION, HOMECOMINGS FINANCIAL, LLC AND EXECUTIVE TRUSTEE SERVICES, LLC'S PARTIAL MOTION TO DISMISS THE FIRST AMENDED COMPLAINT
(CASE NO. C08-01972-JW)

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

GMACM, Homecomings and Executive bring this Partial Motion to Dismiss on grounds that certain claims Plaintiff asserts against the Moving Parties (Counts One-Four, Six, Eleven and Twelve) either (a) are time-barred by applicable limitations periods or otherwise barred as a matter of law, (b) are not recognized claims or causes or action, and/or (c) lack factual allegations *specific to the Moving Parties* sufficient to sustain the claims asserted.

The thrust of the Complaint is that two groups of Defendants—defined collectively by Plaintiff as the "South Pacific Parties" and the "Greenpoint Parties" (Compl. ¶ 29)— including GMACM, Homecomings and Executive, violated applicable laws by allegedly failing to adequately disclose the terms of certain adjustable rate mortgage loans that Plaintiff obtained to refinance his home and by assessing allegedly improper fees in connection with these mortgage transactions. Throughout the Complaint, Plaintiff attempts to paint each of the Defendants with the same broad-stroke allegations, imputing any purported conduct by one of the Defendants to the collective "Greenpoint Parties" or "South Pacific Parties," without any specific factual basis for doing so. Despite Plaintiff's sweeping generalizations, he fails to specifically identify any wrongful conduct by GMACM, Homecomings or Executive, and admits that these parties are named only because GMACM and Homecomings were allegedly transferred or assigned the subject loans.[2] (Compl. ¶¶ 49, 109, 111).

While GMACM and Homecomings' *alleged* status as assignees of the subject loans may provide a sufficient basis for Plaintiff to proceed past the initial pleading stage with a claim for rescission under section 1635 of TILA, Plaintiff's acknowledgement that the Moving Parties were not involved in the origination of the loans nor the provision of any of the disclosures is fatal to the

---

[2] Plaintiff states that Executive "has been named in this action solely for the purpose of clearing title," implying that no relief or remedy is sought against Executive. (Compl. ¶ 11). Plaintiff goes on, however, to define the "Greenpoint Parties" to include Executive, to allege collective conduct, and to seek relief from the Greenpoint Parties. Accordingly, this Motion seeks dismissal of claims against Executive despite Plaintiff's implication that no relief is sought from this Defendant.

balance of Plaintiff's claims.[3] Moreover, Plaintiff's claims for civil damages under TILA (Counts One and Two) and for violation of RESPA (Counts Three and Four) are barred by applicable statutes of limitations, and Plaintiff's request for rescission against Homecomings (Count One) is barred because the South Pacific Loans were refinanced into the Greenpoint Loans, leaving nothing to rescind.

For these and the other reasons explained more fully below, GMACM, Homecomings and Executive ask the Court to grant this Motion and dismiss Counts One, Three, Four, Six, Eleven and Twelve in their entirety, and Count Two to the extent Plaintiff seeks relief beyond rescission pursuant to section 1635 of TILA.

## II. PLAINTIFF'S ALLEGATIONS

### 1. The South Pacific Loan Transactions.

Plaintiff alleges that in or about March 2005, individual Defendant Luis G. Barrios ("Barrios"), solicited Plaintiff to refinance his existing home loans with two adjustable rate mortgage loans (referred to in the Complaint as the "South Pacific Loans") and in so doing, allegedly misrepresented and omitted certain terms of the South Pacific Loans. (Compl. ¶¶ 43-46, 70). Plaintiff avers that Barrios was employed by and/or an agent of defendant Andrus & Associates, Inc., a brokerage firm, and defendant James John Chapman, a mortgage broker. (Compl. ¶¶ 13, 19-20). None of these parties are alleged to have been affiliated with the Moving Parties.

Plaintiff further alleges that other Defendants involved in the origination of the South Pacific Loans—again, individuals unaffiliated with the Moving Parties—charged undisclosed and unwarranted fees in connection with settlement of the loans. (Compl. ¶¶ 62-66). As to the Moving Parties, Plaintiff merely alleges that one of the two South Pacific Loans, which closed on or about

[3] The Moving Parties note that the Greenpoint Loans were not in fact "sold, assigned or otherwise transferred to GMAC" as Plaintiff alleges. (Compl. ¶¶ 109, 111). The evidence will demonstrate that GMACM is merely the sub-servicer for the Greenpoint Loans. However, this factual issue in not relevant to the present Motion which is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

2

GMAC MORTGAGE USA CORPORATION, HOMECOMINGS FINANCIAL, LLC AND EXECUTIVE TRUSTEE SERVICES, LLC'S PARTIAL MOTION TO DISMISS THE FIRST AMENDED COMPLAINT
(CASE NO. C08-01972-JW)

April 15, 2005, was later "sold, assigned or otherwise transferred" to Homecomings.[4] (Compl. ¶ 49).

**2. The Greenpoint Loan Transactions.**

Plaintiff further alleges that in or about November 2005, Barrios began to solicit Plaintiff to refinance his home loans a second time. (Compl. ¶ 98). Again, Barrios allegedly misrepresented and omitted certain terms of these loans (referred to in the Complaint as the "Greenpoint Loans") to induce Plaintiff to refinance. (Compl. ¶ 131). Plaintiff alleges that other Defendants involved with the origination of the Greenpoint Loans—individuals who were once again unaffiliated with the Moving Parties—charged undisclosed and unwarranted fees in connection with settlement of the loans. (Compl. ¶¶ 100, 122-126). As to the Moving Parties, Plaintiff merely alleges that the Greenpoint Loans were later "sold, assigned or otherwise transferred" to GMACM. (Compl. ¶¶ 109, 111).

**3. Significant Facts Plaintiff Does *Not* Allege.**

Plaintiff does not specifically allege any improper or wrongful conduct by either GMACM, Homecomings or Executive. While Plaintiff sometimes groups the Moving Parties together with other Defendants in a conclusory manner (in what appears to be a failed effort to plead a "conspiracy" of some sort among the Defendants), Plaintiff does not specifically allege that any of the Moving Parties actively misrepresented or omitted the terms of the subject loans, encouraged or assisted others to make the alleged misstatements or omissions, or were even involved in the transactions at or prior to closing. Nor are any facts pled from which the Court could reasonably infer any agency relationship between the Moving Parties and any other Defendant.

The loan documents Plaintiff attaches to the Complaint reflect that none of the Moving Parties were involved in the origination of the subject loans, and that none had any relationship with the mortgage brokers or loan agents which allegedly made the improper disclosures. (*See*, *e.g.*,

[4] Plaintiff alleges that Homecomings acquired the senior South Pacific Loan and that the junior loan was sold, assigned or transferred to Defendant Countrywide Home Loans, Inc. (Compl. ¶ 51).

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

Exhs. A, B, M and N). Plaintiff alleges only that GMACM and Homecomings somehow acquired the allegedly tainted loans from the original lenders. (Compl. ¶¶ 49, 109, 111).

4. **The Claims Asserted.**

Despite the apparent disconnect between the Moving Parties and the transactions and alleged conduct at issue, Plaintiff asserts the following claims against them: (1) violation of TILA (Counts One and Two); (2) violation of RESPA (Counts Three and Four); (3) civil conspiracy (Count Six); (4) violation of the UCL (Count Eleven); and (5) violation of the Elder Abuse Act (Count Twelve). As explained in the paragraphs that follow, each of the foregoing claims against GMACM, Homecomings and Executive, excluding only Plaintiff's claim for rescission of the Greenpoint Loans in Count Two, fail to state a claim against the Moving Parties and should be dismissed.

## III. ARGUMENT

### A. PLAINTIFF'S TILA CLAIMS RELATING TO THE SOUTH PACIFIC LOANS (COUNT ONE) ARE BARRED AND SHOULD BE DISMISSED.

For Count One of his Complaint, Plaintiff alleges that the collective "South Pacific Parties," including Homecomings, violated TILA by failing to make certain disclosures in connection with the South Pacific Loans in the form prescribed by the statute. (Compl. ¶¶ 29, 162-183). Plaintiff seeks actual and statutory damages pursuant to section 1640 of TILA, and rescission pursuant to section 1635. *See* 15 U.S.C. §§ 1635, 1640(a). Plaintiff may not pursue either form of relief, however, because his claims are barred by the one-year limitations period imposed by section 1640(e) and by the Ninth Circuit's decision in *King v. California*, which precludes rescission of a loan after it has been refinanced. 784 F.2d 910, 913 (9th Cir. 1986).

1. **Plaintiff's Claim For Civil Damages Under Section 1640 Is Time-Barred.**

TILA provides that a borrower who does not receive the disclosures required under the statute may initiate an action for damages within one year of the alleged violation. *See* 15 U.S.C. § 1640(e) ("Any action under this section may be brought...within one year from the date of the occurrence of the violation."). Any claim Plaintiff may assert for insufficient disclosures relating to the South Pacific Loans would have arisen on the date the loans closed—April 15, 2005 according to

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

the Complaint. (Compl. ¶ 47); *Barbera v. WMC Mortgage Corp.*, No 04-3738 SBA, 2006 WL 167632, *5 (N.D. Cal. Jan. 19, 2000) (dismissing TILA claim as time-barred where suit was initiated more than one year after closing); *Postow v. OBA Fed. Savings & Loan Assoc.*, 627 F.2d 1370, 1380 (D.C. Cir. 1980) (holding that TILA disclosure violations can occur no later than the settlement date). Because Plaintiff did not initiate this action until April 23, 2008—more than three years after the South Pacific Loans closed—his claim for civil damages under section 1640 of TILA is time-barred and must be dismissed.

**2. Plaintiff's Claim For Rescission Is Precluded Because There Are No Loans To Rescind.**

Plaintiff's claim for rescission of the South Pacific Loans is similarly defective and may not proceed. Plaintiff contends that he was the victim of a practice he refers to as "flipping," whereby "[u]nscrupulous mortgage brokers and lenders induced Plaintiff into repeatedly refinance loans on his home..." (Compl. ¶ 42). He alleges that the loans that are the subject of Count One, the South Pacific Loans, were refinanced and replaced by the Greenpoint Loans on March 2, 2006. (*Id.* ¶¶ 98-107). But Plaintiff's own allegations and general theory of the case preclude any claim for rescission of the South Pacific Loans.

In *King v. California*, the Ninth Circuit expressly held that a borrower may not rescind a loan transaction under TILA when the borrower has refinanced the loan such that the deed of trust securing the obligation has been superseded. 784 F.2d 910, 913 (9th Cir. 1986) ("The loan...cannot be rescinded because there is nothing to rescind."); *see also Monaco v. Bear Stearns Residential Mortgage Corp.*, No. CV 07-05607 SJO, 2008 WL 867727 * 3 (C.D. Cal. Jan. 28, 2008) (citing *King* and dismissing TILA rescission claim where mortgage had been refinanced). The Deeds of Trust securing Plaintiff's obligations for the South Pacific Loans (Compl. Exhs. C and D) were extinguished and superseded by the Deeds of Trust securing the subsequent Greenpoint Loans (Compl. Exhs. N and O), rendering Plaintiff's demand for rescission of the South Pacific Loans a legal nullity and Plaintiff's pending claim for rescission fatally flawed.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

5

GMAC MORTGAGE USA CORPORATION, HOMECOMINGS FINANCIAL, LLC AND EXECUTIVE TRUSTEE SERVICES, LLC'S PARTIAL MOTION TO DISMISS THE FIRST AMENDED COMPLAINT (CASE NO. C08-01972-JW)

Because Plaintiff's claim for civil damages is time-barred and the South Pacific Loans cannot be rescinded as a matter of law, Count One of the Complaint should be dismissed in its entirety.

**B. PLAINTIFF'S TILA CLAIM FOR CIVIL DAMAGES RELATING TO THE GREENPOINT LOANS (COUNT TWO) IS TIME-BARRED AND SHOULD BE DISMISSED.**

In Count Two of his Complaint, Plaintiff alleges in a conclusory fashion that the collective "Greenpoint Parties," including GMACM and Executive, also violated TILA by failing to make certain mandatory disclosures in connection with the Greenpoint Loans. (Compl. ¶¶ 184-206). Plaintiff again seeks civil damages pursuant to section 1640 of TILA and rescission pursuant to section 1635. But like the South Pacific Loans, Plaintiff's claim for civil damages relating to the Greenpoint Loans is barred by the one-year limitations period imposed by section 1640(e). 15 U.S.C. § 1640(e).

The Greenpoint Loans closed "on or about March 2, 2006" and Plaintiff initiated this action more than two years later on April 23, 2008. (Compl. ¶ 107). Plaintiff's claim in Count Two for civil damages should therefore be dismissed, and only Plaintiff's claim for rescission should be allowed to proceed past the initial pleading stage. *See Barbera*, 2006 WL 167632, *5; *Postow*, 627 F.2d at 1380.

**C. PLAINTIFF'S RESPA CLAIMS (COUNTS THREE AND FOUR) ARE FACTUALLY DEFICIENT AS AGAINST THE MOVING PARTIES AND ARE TIME-BARRED IN ANY EVENT.**

For Counts Three and Four of the Complaint, Plaintiff alleges in a conclusory manner that the collective "South Pacific Parties," including Homecomings, and the collective "Greenpoint Parties," including GMACM and Executive, somehow violated RESPA. (Compl. ¶¶ 207-226). "In order to state a claim under RESPA, plaintiffs must establish that [the fees or charges in dispute] constitute charges rendered at or in relation to *settlement*." *Bloom v. Martin*, 865 F.Supp. 1377, 1381-82 (N.D. Cal. 1994) (italics in original). "Settlement" in the context of a real estate transaction refers to the borrower's execution of binding loan documents and the creation of a lien on

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

property—"the closing of the loan or escrow." *Id.*

In the only averments in Count Three that even address settlement-related conduct, Plaintiff alleges that Defendants Residential Mortgage Capital ("Residential") and James John Chapman ("Chapman") received a "yield spread premium [that] was an unlawful kickback and/or unearned fee," and that Residential, Chapman and Defendant Elizabeth P. Campos ("Campos") received "excessive or unearned fee[s]" in connection with the South Pacific Loans, all in purported violation of RESPA Section 2607. (Compl. ¶¶ 219, 222-23). What Plaintiff does *not* allege, however, is that Homecomings paid any of these fees to Residential, Chapman or Campos, that Homecomings itself received any fee or kickback at or in relation to settlement, or that Homecomings was even involved in the South Pacific Loan transactions at or prior to closing. To the contrary, Plaintiff merely alleges that one of the South Pacific Loans was "sold, assigned or otherwise transferred to Homecomings" *after* the mortgage transaction closed in April 2005. (*Id.* ¶ 49); *see Kay v. Wells Fargo*, No. C 07-01351 WHA, 2007 WL 2141292, *2 (C.D. Cal. July 24, 2007) (holding that the date of occurrence for a RESPA violation, and the date the one-year limitations period begins to run, is the date the loan settles or closes); *Bloom*, 865 F.Supp. at 1382 (same). Plaintiff's Complaint therefore fails to state a claim against Homecomings for any violation of RESPA.

Similarly, in Count Four Plaintiff simply cuts and pastes his averments from Count Three, this time alleging that Defendants Andrus & Associates, Inc. ("Andrus & Associates"), Paul Ray Andrus ("Andrus") and Campos received and accepted "unlawful kickback[s]" and "excessive" or "unearned fees" in connection with the Greenpoint loans. (Compl. ¶¶ 239, 242-43). But Plaintiff again fails to allege any conduct by GMACM or Executive relating to settlement of the Greenpoint Loans and again acknowledges that GMACM's involvement with the Greenpoint Loans began only *after* the transactions closed in March 2006. (*Id.* ¶¶ 109, 111). Plaintiff's own allegations make it clear that GMACM neither paid nor received any unlawful kickback or other excessive or unearned fee, and Plaintiff makes no allegation whatsoever with respect to Executive. Plaintiff's Complaint therefore also fails to state a claim against GMACM or Executive for any violation of RESPA.

In any event, Plaintiff's RESPA claims are time-barred, rendering any attempt to amend or to raise additional allegations directed at Homecomings, GMACM or Executive a futile exercise. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.1992) (leave to amend need not be granted when a pleading defect cannot be cured). Section 2614 of RESPA states that "[a]ny action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court within…1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation." 12 U.S.C. § 2614. Plaintiff's allegations of illegal kickbacks and excessive fees are addressed by section 2607 of RESPA and are therefore subject to the one-year limitations period. Because any allegedly improper kickbacks or fees paid in connection with the mortgage transactions occurred at or prior to closing—on or before April 15, 2005 in the case of the South Pacific Loans and on or before March 2, 2006 in the case of the Greenpoint Loans—and because Plaintiff did not initiate this action until April 23, 2008, more than two years after the most recent closing date, Plaintiff's RESPA claims are time-barred and Counts Three and Four of the Complaint should be dismissed. *See Kay*, 2007 WL 2141292, *2; *Bloom*, 865 F. Supp. at 1386.

**D. PLAINTIFF'S "CLAIM" FOR CIVIL CONSPIRACY (COUNT SIX) IS NOT AN INDEPENDENT CAUSE OF ACTION AND IS UNSUPPORTED BY SUFFICIENT FACTUAL ALLEGATIONS IN ANY EVENT.**

Plaintiff's "claim" for civil conspiracy fails for several reasons. First, civil conspiracy is not an independent cause of action. *See Applied Equipment Corp. v. Litton Saudi Arabia Ltd*, 7 Cal.4th 503, 510-11, 515 (1994) ("Conspiracy is not a cause of action…[or] an independent tort"); *Moran v. Endres*, 135 Cal.App.4th 952, 954-55 (2006) ("Standing alone, a conspiracy does no harm and engenders no tort liability."). Count Six should be dismissed on this basis alone.

Second, to the extent Plaintiff seeks to invoke the conspiracy doctrine—as opposed to a stand-alone "claim" for conspiracy—to impute liability to the Moving Parties for a tort allegedly committed by another Defendant or group of Defendants, Plaintiff fails to allege facts sufficient to meet the minimum pleading requirements. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955,

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

1965 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level"); *State v. CCC Information Services, Inc.*, 149 Cal.App.4th 402, 419 (2007) ("In making such allegations [of conspiracy] bare legal conclusions, inferences, generalities, presumptions and conclusions are insufficient."). Conspiracy is a doctrine that may be employed to impose liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration. *Applied Equipment*, 7 Cal.4th at 510-511, *citing Wyatt v. Union Mortgage Co.*, 24 Cal.3d 773, 784 (1979). To adequately allege a conspiracy, the plaintiff must allege facts evidencing that *each* of the conspiring defendants had *actual* knowledge of the planned tort and concurred in the tortious scheme with knowledge of its unlawful purpose. *Wyatt*, 24 Cal.3d at 784. In other words, it must be alleged that each defendant *intended to aid in the commission of the alleged tort* since the basis of a civil conspiracy is the "formation of a group of two or more persons who have agreed to a common plan or design to commit a tortious act." *Kidron v. Movie Acquisition Corp.*, 40 Cal.App.4th 1571, 1582 (1995).

In this instance, Plaintiff fails to plead any facts upon which the Court may reasonably infer that any of the Moving Parties were involved in a conspiracy to commit some underlying tort. The Complaint specifically alleges two intentional torts: fraud (Count Five) and breach of fiduciary duty (Count Seven). But neither tort claim purports to implicate GMACM, Homecomings or Executive. (*See* Compl. ¶¶ 247-57, 272-82 (alleging fraud and breach of fiduciary duty by Defendants Barrios, Andrus & Associates, Andrus, Residential and Chapman)). Moreover, even a cursory review of the allegations underlying these claims reveals that none of the alleged wrongdoing involved the Moving Parties. For instance, Plaintiff alleges:

- "Barrios, Andrus & Associates, Andrus, Residential and Chapman knowingly and willfully induced Plaintiff to enter into the South Pacific and Greenpoint loans by making false oral statements and omitting material information regarding the terms of the loan and Plaintiff's application." (*Id.* ¶ 248).

- "Barrios, Andrus & Associates, Andrus, Residential and Chapman also knowingly and willingly concealed the fact that they had included false information about Plaintiff's employment status and monthly income on Plaintiff's loan application." (*Id.* ¶ 251).

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

- "Barrios, Andrus & Associates, Andrus, Residential and Chapman, and each of them, owed Plaintiff fiduciary duties of the utmost loyalty, good faith and diligence. Defendants breached those fiduciary duties…" (*Id.* ¶ 274).

None of these allegations are in any way directed to the Moving Parties, and Plaintiff makes no allegation that the Moving Parties were even aware of the alleged conduct at or prior to it occurrence, a requirement that is inherent in the formation of a conspiracy. *See Kidron*, 40 Cal.App.4th at 1582 (the conspiring defendants must have actual knowledge).

Moreover, Plaintiff has not alleged how or why the Moving Parties knowingly aided in the commission of these torts against Plaintiff to support his claim that a conspiracy existed among the Defendants. Instead of pleading specific facts that might support Plaintiff's conspiracy theory, Plaintiff makes only boilerplate and conclusory allegations, for example:

- "Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each Defendant was the co-conspirator, agent, servant, employee, assignee and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, assignment and/or joint venture and with the permission and consent of each of the other Defendants." (Compl. ¶ 27).

- "At all relevant times alleged in this Complaint, each Defendant has committed the acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to commit the acts alleged in this Complaint…Whenever reference is made in this Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants." (*Id.* ¶ 29).

- "Plaintiff is informed and believes, and thereon alleges that Defendants entered into an agreement (either explicitly or tacitly) to fraudulently induce Plaintiff to enter into and be bound by the South Pacific and Greenpoint loan transactions by intentionally making misrepresentations and concealing material facts as described herein. All of the Defendants' acts, including failing to provide Plaintiff with Spanish language translations of documents as required by Cal. Civil Code § 1652, were directed toward the goal of a conspiracy." (*Id.* ¶ 260).

Such allegations are insufficient to state a claim. *Twombly*, 127 S.Ct. at 1964-65 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *CCC Information Services*, 149 Cal.App.4th at 419 ("Metz's conspiracy allegations—that CCC and

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

unnamed defendants conspired to conceal their improper loss valuations—amount to bare legal conclusions.").

Entirely absent from the Complaint are any allegations of fact showing, among other things, that the Moving Parties (1) were aware that any of the other Defendants were engaging in any tortious conduct with respect to Plaintiff; (2) concurred in the allegedly tortious "flipping" scheme with knowledge of its unlawful purpose; or (3) took any action to aid any of the other Defendants to achieve the alleged torts against Plaintiff. To the contrary, allegations in the Complaint directly contradict any inference that the Moving Parties were involved in such a conspiracy, as Plaintiff alleges that GMACM and Homecomings were merely "sold, assigned or otherwise transferred" these loans from the original lenders after the loan transactions closed. (Compl. ¶¶ 49, 109, 111). Plaintiffs' own allegations undermine their conspiracy theory and mandate dismissal of Count Six as against the Moving Parties.

Finally, an independent basis exists for dismissal of Plaintiff's purported conspiracy "claim" as against Homecomings. California's three-year statute of limitations applies to civil liability resulting from an alleged conspiracy. Cal. Civ. Proc. Code § 338(d). In this instance, Plaintiff has alleged that the misrepresentations and omissions related to the terms of the South Pacific Loans occurred in or about March 2005 prior to the closing of the loans on or about April 15, 2005. (Compl. ¶¶ 43-46, 70). Plaintiff did not initiate this action until April 23, 2008, over three years after these alleges misrepresentations and omissions occurred. Any conspiracy "claim" against Homecomings is therefore barred on this basis as well.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

### E. PLAINTIFF'S "UNLAWFUL" UCL CLAIM (COUNT ELEVEN) FAILS BECAUSE HE ALLEGES NO CONDUCT WHATSOEVER BY THE MOVING PARTIES.

In Count Eleven of his Complaint, Plaintiff again lumps "All Defendants" together in a conclusory fashion and generally alleges that "Defendants" acted unlawfully in violation of the UCL by: (1) failing to comply with the disclosure requirements mandated by TILA, Regulation Z and the Official Staff Commentary issued by the Federal Reserve Board; (2) employing an unlicensed

Spanish-speaking salesman and Notary Public to solicit, negotiate and close home loans in the Spanish language; (3) refusing to provide Plaintiff and other Spanish-speaking customers with Spanish language copies of their loan documentation and disclosures as required by California Civil Code § 1632; and (4) failing to investigate or verify the employment status and income of Plaintiff and other members of the general public who were sold home loans by Defendants. (Compl. ¶ 314). However, as explained above, the alleged misconduct occurred at or prior to closing of Plaintiff's loans and Plaintiff alleges that both Homecomings and GMACM's involvement began *after* the fact—when Plaintiff's closed and funded loans were purportedly "sold, assigned or otherwise transferred" to them. (*Id.* at ¶¶ 49, 109). Again, while Plaintiff's allegations that the loans in dispute were subsequently assigned to GMACM and Homecomings may be sufficient for a rescission claim against GMACM only (*see* sections III(A) and (B), *supra*) to proceed past the initial pleading stage, it does not provide a basis on which to impute liability to the Moving Parties for alleged misconduct that Plaintiff admits occurred before these parties could have even been aware that the loans existed. Plaintiff's UCL claim fails because he has not and cannot allege that the Moving Parties acted unlawfully in violation of the statute.

**F. PLAINTIFF'S "CLAIM" FOR ELDER ABUSE (COUNT TWELVE) IS NOT A RECOGNIZED CAUSE OF ACTION AND IS UNSUPPORTED BY SUFFICIENT FACTUAL ALLEGATIONS IN ANY EVENT.**

For his final claim against "All Defendants," Plaintiff alleges that he is an "elder" and that "Defendants took, appropriated and/or retained Plaintiff's property (*i.e.*, equity in Plaintiff's home and mortgage proceeds) for a wrongful use or with the intent to defraud" in violation of section 15610.30(a)(1) of the Elder Abuse Act. (Compl. ¶¶ 323-324). But similar to Plaintiff's so-called "claim" for conspiracy (*see* section III(D), *supra*), "elder abuse" is not a freestanding cause of action. The Elder Abuse Act "does not create a cause of action," but instead permits the recovery of enhanced remedies "under certain circumstances."[5] *Berkley v. Dowds*, 152 Cal.App.4th 518, 529

---

[5] Plaintiff has requested enhanced remedies in the form of treble damages in each Count of his Complaint. (*See, e.g.*, Compl. ¶¶ 183, 308).

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

(2007), *citing ARA Living Centers - Pacific, Inc. v. Superior Court of San Mateo Co.*, 18 Cal.App.4th 1556, 1563-64 (1993). Count Twelve of the Complaint should be dismissed on this basis.

Moreover, even if a claim for "elder abuse" were cognizable, Plaintiff again fails to allege that GMACM, Homecomings or Executive undertook any wrongful or fraudulent act. Financial elder abuse is defined as taking the property of an elder with "a wrongful use or with intent to defraud, or both." Cal. Welf. & Inst. Code § 15610.30. The financial elder abuse statute does not define "wrongful use" except to include bad faith within its ambit. Cal Welf. & Inst. Code § 15610.30(b). More broadly, "wrongful" generally means a "violation of a legal duty [or] an act that unjustly infringes on another's rights." Black's Law Dictionary 315 (8th ed. 2004). In other contexts, California courts have interpreted "wrongful" to mean a violation of statutory or common law. *See, e.g., Barrett v. Super. Ct.*, 222 Cal.App.3d 1176, 1190 (1990) (in wrongful death case, "'wrongful act' . . . means any tortious act."); *Southland Mech. Constructors Corp. v. Nixen*, 119 Cal.App.3d 417, 430-31 (1981), overruled on other grounds by *Laird v. Blacker*, 2 Cal.4th 606 (1992) (interpreting "wrongful act" in statute to mean a tort or breach of contract); *Callum v. Hartford Accident & Indem. Co.*, 186 Cal.App.2d Supp. 885, 888 (1959) (holding, in the context of a surety bond statute, that a "'wrongful act' in a statute giving an injured party a right to sue thereon in his own name means simply a 'tortious act.'").

As discussed above, Plaintiff does not allege that any of the Moving Parties participated in any of the alleged wrongful conduct relating to the South Pacific Loans or the Greenpoint Loans. More specifically, the Complaint is devoid of any factual allegations that the Moving Parties acted fraudulently or a committed a "wrongful act." Rather, Plaintiff has averred that GMACM and Homecomings were "sold, assigned or otherwise transferred" these allegedly tainted loans from the original lenders. (Compl. ¶¶ 49, 109, 111). Accepting Plaintiff's allegations as true for purposes of this Motion, transferring mortgage loans from one party to another is not wrongful, and Plaintiff does not allege that the Moving Parties did anything more. Because Plaintiff has not alleged that the

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

Moving Parties took any property of Plaintiff's fraudulently or for a wrongful purpose, Plaintiff's "claim" for elder abuse must fail as against the Moving Parties.

**IV. CONCLUSION**

For the reasons identified and discussed above, each of the foregoing claims against GMACM, Homecomings and Executive fail as a matter of law and should be dismissed with prejudice. A Proposed Order granting the relief sought herein has been filed concurrently with this Motion.

Dated: June 13, 2008

LOCKE LORD BISSELL & LIDDELL LLP

By: /s/ J. Matthew Goodin
Attorneys for Defendants
GMAC MORTGAGE USA CORPORATION, HOMECOMINGS FINANCIAL, LLC and EXECUTIVE TRUSTEE SERVICES, LLC

LA 601364v.4

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

14

GMAC MORTGAGE USA CORPORATION, HOMECOMINGS FINANCIAL, LLC AND EXECUTIVE TRUSTEE SERVICES, LLC'S PARTIAL MOTION TO DISMISS THE FIRST AMENDED COMPLAINT
(CASE NO. C08-01972-JW)

LOCKE LORD BISSELL & LIDDELL LLP
John Hochhausler (SBN: 143801)
jhochhausler@lockelord.com
Nina Huerta (SBN: 229070)
nhuerta@lockelord.com
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071
Telephone: 213-485-1500
Facsimile: 213-485-1200

Thomas J. Cunningham (*pro hac vice*)
tcunningham@lockelord.com
J. Matthew Goodin (*pro hac vice*)
mgoodin@lockelord.com
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: 312-443-0472
Facsimile: 312-896-6472

Attorneys for Defendants
GMAC MORTGAGE USA CORPORATION, HOMECOMINGS FINANCIAL, LLC, and EXECUTIVE TRUSTEE SERVICES, LLC

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CARLOS H. PEREZ, individually and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE USA CORPORATION a/k/a GMAC MORTGAGE, LLC, a Delaware corporation, et al.,<br><br>Defendants. | CASE NO. C08-01972-JW<br><br>**DEFENDANT EXECUTIVE TRUSTEE SERVICES, LLC'S CIVIL LOCAL RULE 3-16 CERTIFICATION OF INTERESTED ENTITIES OR PERSONS** |

Pursuant to Civil Local Rule 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Plaintiff Carlos H. Perez;

2. Defendant Executive Trustee Services, LLC ("ETS") and all additional Defendants currently named in the proceeding;

3. GMAC Mortgage, LLC, immediate parent company of ETS;

4. GMAC Residential Holdings Company, LLC, indirect parent company of ETS;

5. Residential Capital, LLC, indirect parent company of ETS;

6. GMAC Mortgage Group, LLC, indirect parent company of ETS;

7. GMAC LLC, indirect parent company of ETS;

8. FIM Holdings LLC, indirect parent company of ETS;

9. GM Finance Co. Holdings LLC, indirect parent company of ETS; and

10. General Motors Corporation, indirect parent company of ETS.

11. Based on a reasonable investigation and assessment of the information available at this time, ETS is likely self-insured for the claims at issue in this lawsuit.

Dated: June 13, 2008

LOCKE LORD BISSELL & LIDDELL LLP

By: ______________________

One of the Attorneys for Defendant
EXECUTIVE TRUSTEE SERVICES, LLC

CHI1 1487679v.1

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

LOCKE LORD BISSELL & LIDDELL LLP
John Hochhausler (SBN: 143801)
jhochhausler@lockelord.com
Nina Huerta (SBN: 229070)
nhuerta@lockelord.com
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071
Telephone: 213-485-1500
Facsimile: 213-485-1200

Thomas J. Cunningham (*pro hac vice*)
tcunningham@lockelord.com
J. Matthew Goodin (*pro hac vice*)
mgoodin@lockelord.com
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: 312-443-0472
Facsimile: 312-896-6472

Attorneys for Defendants
GMAC MORTGAGE USA CORPORATION, HOMECOMINGS FINANCIAL, LLC, and EXECUTIVE TRUSTEE SERVICES, LLC

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CARLOS H. PEREZ, individually and on behalf of the general public,

Plaintiff,

v.

GMAC MORTGAGE USA CORPORATION a/k/a GMAC MORTGAGE, LLC, a Delaware corporation, et al.,

Defendants.

CASE NO. C08-01972-JW

**DEFENDANT GMAC MORTGAGE USA CORPORATION'S CIVIL LOCAL RULE 3-16 CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil Local Rule 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1

DEFENDANT GMAC MORTGAGE USA CORPORATION'S CIVIL LOCAL RULE 3-16 CERTIFICATION
*Perez v. GMAC Mortgage USA Corporation, et al.*, No. C08-01972-JW

1. Plaintiff Carlos H. Perez;

2. Defendant GMAC Mortgage USA Corporation ("GMACM USA") and all additional Defendants currently named in the proceeding;

3. GMAC Mortgage, LLC, immediate parent company of GMACM USA;

4. GMAC Residential Holdings Company, LLC, indirect parent company of GMACM USA;

5. Residential Capital, LLC, indirect parent company of GMACM USA;

6. GMAC Mortgage Group, LLC, indirect parent company of GMACM USA;

7. GMAC LLC, indirect parent company of GMACM USA;

8. FIM Holdings LLC, indirect parent company of GMACM USA;

9. GM Finance Co. Holdings LLC, indirect parent company of GMACM USA; and

10. General Motors Corporation, indirect parent company of GMACM USA.

11. Based on a reasonable investigation and assessment of the information available at this time, GMACM USA is likely self-insured for the claims at issue in this lawsuit.

Dated: June 13, 2008

LOCKE LORD BISSELL & LIDDELL LLP

By: ______________________

One of the Attorneys for Defendant
GMAC MORTGAGE USA CORPORATION

CHI1 1487586v.1

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

LOCKE LORD BISSELL & LIDDELL LLP
John Hochhausler (SBN: 143801)
jhochhausler@lockelord.com
Nina Huerta (SBN: 229070)
nhuerta@lockelord.com
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071
Telephone: 213-485-1500
Facsimile: 213-485-1200

Thomas J. Cunningham (*pro hac vice*)
tcunningham@lockelord.com
J. Matthew Goodin (*pro hac vice*)
mgoodin@lockelord.com
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: 312-443-0472
Facsimile: 312-896-6472

Attorneys for Defendants
GMAC MORTGAGE USA CORPORATION, HOMECOMINGS FINANCIAL, LLC, and EXECUTIVE TRUSTEE SERVICES, LLC

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CARLOS H. PEREZ, individually and on behalf of the general public,

Plaintiff,

v.

GMAC MORTGAGE USA CORPORATION a/k/a GMAC MORTGAGE, LLC, a Delaware corporation, et al.,

Defendants.

CASE NO. C08-01972-JW

**DEFENDANT HOMECOMINGS FINANCIAL, LLC'S CIVIL LOCAL RULE 3-16 CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil Local Rule 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Plaintiff Carlos H. Perez;

2. Defendant Homecomings Financial, LLC ("Homecomings") and all additional Defendants currently named in the proceeding;

3. Residential Funding Company, LLC, immediate parent company of Homecomings;

4. GMAC-RFC Holding Company, LLC, indirect parent company of Homecomings;

5. Residential Capital, LLC, indirect parent company of Homecomings;

6. GMAC Mortgage Group, LLC, indirect parent company of Homecomings;

7. GMAC LLC, indirect parent company of Homecomings;

8. FIM Holdings LLC, indirect parent company of Homecomings;

9. GM Finance Co. Holdings LLC, indirect parent company of Homecomings; and

10. General Motors Corporation, indirect parent company of Homecomings.

11. Based on a reasonable investigation and assessment of the information available at this time, Homecomings is likely self-insured for the claims at issue in this lawsuit.

Dated: June 13, 2008

LOCKE LORD BISSELL & LIDDELL LLP

By: ______________________

One of the Attorneys for Defendant
HOMECOMINGS FINANCIAL LLC

CHI1 1487580v.1

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

LOCKE LORD BISSELL & LIDDELL LLP
John Hochhausler (SBN: 143801)
jhochhausler@lockelord.com
Nina Huerta (SBN: 229070)
nhuerta@lockelord.com
300 South Grand Avenue, Suite 800
Los Angeles, CA 90071
Phone: 213-485-1500
Fax: 213-485-1200

Thomas J. Cunningham (*pro hac vice*)
tcunningham@lockelord.com
J. Matthew Goodin (*pro hac vice*)
mgoodin@lockelord.com
111 South Wacker Drive
Chicago, Illinois 60606
Phone: 312-443-0472
Fax: 312-896-6472

Attorneys for Defendants
GMAC MORTGAGE USA CORPORATION,
HOMECOMINGS FINANCIAL, LLC and
EXECUTIVE TRUSTEE SERVICES, LLC

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CARLOS H. PEREZ, individually and on behalf of the general public,

Plaintiff,

v.

GMAC MORTGAGE USA CORPORATION a/k/a GMAC MORTGAGE, LLC, a Delaware corporation, et al.,

Defendants.

CASE NO. C08-01972-JW

**[PROPOSED] ORDER GRANTING PARTIAL MOTION TO DISMISS OF DEFENDANTS GMAC MORTGAGE USA CORPORATION, HOMECOMINGS FINANCIAL, LLC AND EXECUTIVE TRUSTEE SERVICES, LLC**

**Hearing**
Date: July 28, 2008
Time: 9:00 A.M.
Place: Courtroom 8

The Court, having considered the Partial Motion to Dismiss Plaintiff Carlos H. Perez's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants GMAC Mortgage USA Corporation ("GMACM"), Homecomings Financial, LLC ("Homecomings") and Executive Trustee Services, LLC ("Executive" and sometimes collectively referred to with GMACM and

Homecomings as the "Moving Parties"), hereby GRANTS the Partial Motion to Dismiss and ORDERS that:

1. Count One, which alleges violations of the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA"), is dismissed with prejudice as against the Moving Parties because Plaintiff's claims for civil damages and rescission are time-barred and barred by applicable Ninth Circuit authority;

2. Count Two, which alleges violations of TILA, is dismissed with prejudice as against the Moving Parties as to all but Plaintiff's claim for rescission because any other form of relief is time-barred;

3. Counts Three and Four, which each allege violations of the Real Estate and Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.*, are each dismissed with prejudice as against the Moving Parties because the claims are time-barred and because Plaintiff does not allege facts sufficient to sustain a claim against the Moving Parties; and

4. Counts Six, Eleven and Twelve, which allege "civil conspiracy," violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and violation of Cal. Welf. & Inst. Code §§ 15601, *et seq.*, respectively, are each dismissed with prejudice as against the Moving Parties because the claims asserted are not recognized causes of action and Plaintiff does not allege facts sufficient to sustain the claims against the Moving Parties.

**IT IS SO ORDERED.**

Dated: ____________________

Hon. James Ware
United States District Judge

LA 602545v.1

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119