BRYAN CAVE LLP
James Goldberg (California Bar No. 107790)
Stephanie A. Blazewicz (California Bar No. 240359)
Two Embarcadero Center, Suite 1410
201 Clay Street
San Francisco, CA 94111-3907
Telephone:    415-675-3400
Facsimile:    415-675-3434
James.Goldberg@bryancave.com
Stephanie.blazewicz@bryancave.com

Attorneys for Defendant
Countrywide Home Loans, Inc.

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CARLOS H. PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE USA CORPORATION, A/K/A GMAC MORTGAGE, LLC, a Delaware corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; EXECUTIVE TRUSTEE SERVICES, LLC, a Delaware limited liability company; GREENPOINT MORTGAGE FUNDING, INC., a New York corporation; ANDRUS & ASSOCIATES, INC., a California corporation; PAUL RAY ANDRUS, individually and in his official capacity; HOMECOMINGS FINANCIAL, LLC, a Delaware limited liability company; COUNTRYWIDE HOME LOANS, INC., a New York corporation; SOUTH PACIFIC FINANCIAL CORPORATION, a California corporation; RESIDENTIAL MORTGAGE CAPITAL, D/B/A FIRST SECURITY LOAN; a California corporation; JAMES JOHN CHAPMAN, individually and in his official capacity; LUIS G. BARRIOS, individually and in his official capacity; ELIZABETH P. CAMPOS, individually and in her official capacity; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C08-01972-HRL<br><br>**DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S, ANSWER TO FIRST AMENDED COMPLAINT** |

BRYAN CAVE LLP
Two Embarcadero Center, Suite 1410
201 Clay Street
San Francisco, CA 94111-3907

SF01DOCS\303.1

Defendant Countrywide Home Loans, Inc. ("CHL") answers the First Amended Complaint ("FAC") by Plaintiff Carlos H. Perez ("Plaintiff"), as follows:

## INTRODUCTION

1.    CHL denies the allegations contained in Paragraph 1 of the FAC as they pertain to CHL; CHL lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 1 and therefore denies the same.

2.    CHL admits that Plaintiff has instituted this action for the purposes stated and denies each and every other allegation in Paragraph 2.

## JURISDICTION

3.    Answering Paragraph 3, CHL denies committing any acts or omitting to perform any acts that give rise to a valid cause of action, but CHL does not contest jurisdiction in this matter.

4.    Answering Paragraph 4, CHL denies committing any acts or omitting to perform any acts that give rise to a valid cause of action and denies that injunctive relief is authorized, but does not contest jurisdiction in this matter.

5.    CHL denies the allegations in Paragraph 5, and specifically denies committing any violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA").

## VENUE

6.    Answering Paragraph 6, CHL denies committing any acts or omitting to perform any acts that give rise to a valid cause of action, but CHL does not contest venue in this matter.

## INTRADISTRICT ASSIGNMENT

7.    Answering Paragraph 7, CHL denies committing any acts or omitting to perform any acts that give rise to a valid cause of action, but CHL does not contest the assignment of the San Jose Division of this Court.

## PARTIES

8.    CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies the same.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT

1    9.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

2    the allegations of Paragraph 9 and therefore denies the same.

3    10.    CHL admits that Mortgage Electronic Registration Systems, Inc., is a Delaware

4    corporation engaged in the residential mortgage business in California with its principal place of

5    business located at: 1595 Spring Hill Road, Suite 310, Vienna, Virginia 22182. The other

6    allegations in Paragraph 10 of the FAC state legal conclusions and therefore require no response,

7    but to the extent a response is required, CHL lacks knowledge or information sufficient to form a

8    belief as to the truth of the allegations of Paragraph 10 and therefore denies the same.

9    11.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

10    the allegations of Paragraph 11 and therefore denies the same.

11    12.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

12    the allegations of Paragraph 12 and therefore denies the same.

13    13.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

14    the allegations of Paragraph 13 and therefore denies the same.

15    14.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

16    the allegations of Paragraph 14 and therefore denies the same.

17    15.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

18    the allegations of Paragraph 15 and therefore denies the same.

19    16.    CHL admits that it is a New York corporation engaged in the business of consumer

20    mortgage lending in California with its principal place of business located at: 4500 Park Granada,

21    Calabasas, California 91302-1613. CHL further admits that it is properly licensed by the

22    California Department of Real Estate. The other allegations in Paragraph 16 of the FAC state

23    legal conclusions and therefore require no response, but to the extent a response is required CHL

24    denies the allegations not expressly admitted in Paragraph 16.

25    17.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

26    the allegations of Paragraph 17 and therefore denies the same.

27    18.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

28    the allegations of Paragraph 18 and therefore denies the same.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

19.    CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies the same.

20.    CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies the same.

21.    CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies the same.

22.    CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies the same.

23.    CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies the same.

24.    CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 directed to defendants other than CHL and therefore denies the same.  CHL denies each and every other  allegation of Paragraph 24.

25.    CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 directed to defendants other than CHL and therefore denies the same.  CHL denies each and every other allegation of Paragraph 25.

26.    CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 directed to defendants other than CHL and therefore denies the same.  CHL denies each and every other allegation of Paragraph 26.

27.    CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 directed to defendants other than CHL and therefore denies the same.  CHL denies each and every other allegation of Paragraph 27.

28.    Answering Paragraph 28, CHL denies each and every allegation and denies that any improper or unlawful acts were committed by CHL or its officers, directors, employees, agents and/or representatives.

29.    Answering Paragraph 29, CHL denies each and every allegation and denies that it acted jointly with any other Defendant.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

## ALLEGED PREDATORY LENDING

30.    The allegations of Paragraph 30 are legal argument and therefore require no response. To the extent a response is required, CHL denies any improper or unlawful acts were committed by CHL or its officers, directors, employees, agents and/or representatives.

31.    The allegations of Paragraph 31 are legal argument and therefore require no response, but to the extent a response is required, CHL denies any improper or unlawful acts were committed by CHL or its officers, directors, employees, agents and/or representatives.

32.    The allegations of Paragraph 32 are legal argument and therefore require no response. To the extent a response is required, CHL denies any improper or unlawful acts were committed by CHL or its officers, directors, employees, agents and/or representatives.

33.    The allegations of Paragraph 33 are legal argument and therefore require no response. To the extent a response is required, CHL denies any improper or unlawful acts were committed by CHL or its officers, directors, employees, agents and/or representatives.

34.    The allegations of Paragraph 34 are legal argument and therefore require no response. To the extent a response is required, CHL denies any improper or unlawful acts were committed by CHL or its officers, directors, employees, agents and/or representatives.

35.    The allegations of Paragraph 35 are legal argument and therefore require no response. To the extent a response is required, CHL denies any improper or unlawful acts were committed by CHL or its officers, directors, employees, agents and/or representatives.

36.    The allegations of Paragraph 36 are legal argument and therefore require no response. To the extent a response is required, CHL denies any improper or unlawful acts were committed by CHL or its officers, directors, employees, agents and/or representatives.

37.    The allegations of Paragraph 37 are legal argument and therefore require no response. To the extent a response is required, CHL denies any improper or unlawful acts were committed by CHL or its officers, directors, employees, agents and/or representatives.

## FACTUAL ALLEGATIONS

38.    CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and therefore denies the same.

1    39.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

2    the allegations of Paragraph 39 and therefore denies the same.

3    40.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

4    the allegations of Paragraph 40 and therefore denies the same.

5    41.    To the extent that Paragraph 41 may be intended by Plaintiff to refer to CHL, CHL

6    denies each and every allegation contained therein.  CHL lacks knowledge or information

7    sufficient to form a belief as to the truth of the allegations of Paragraph 41 to the extent they refer

8    to other lenders and to brokers.

9    42.    To the extent that Paragraph 42 may be intended by Plaintiff to refer to CHL, CHL

10   denies each and every allegation contained therein.  CHL lacks knowledge or information

11   sufficient to form a belief as to the truth of the allegations of Paragraph 42 to the extent they refer

12   to other lenders and to brokers.

**The South Pacific Loans**

13

14   43.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

15   the allegations of Paragraph 43 and therefore denies the same.

16   44.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

17   the allegations of Paragraph 44 and therefore denies the same.

18   45.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

19   the allegations of Paragraph 45 and therefore denies the same.

20   46.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

21   the allegations of Paragraph 46 and therefore denies the same.

22   47.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

23   the allegations of Paragraph 47 and therefore denies the same.

24   48.    CHL admits the allegations contained in Paragraph 48.

25   49.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

26   the allegations of Paragraph 49 and therefore denies the same.

27   50.    CHL admits the allegations contained in Paragraph 50.

28   51.    CHL admits the allegations contained in Paragraph 51.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT

1    52.    CHL admits the allegations contained in Paragraph 52.

2    53.    CHL admits the allegations contained in Paragraph 53.

3    54.    CHL admits the allegations contained in Paragraph 54.

4    55.    CHL admits the allegations contained in Paragraph 55.

5    56.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

6    the allegations of Paragraph 56 and therefore denies the same.

7    57.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

8    the allegations of Paragraph 57 and therefore denies the same.

9    58.    CHL denies the allegations contained in Paragraph 58.

10    59.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

11    the allegations of Paragraph 59 and therefore denies the same.

12    60.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

13    the allegations of Paragraph 60 and therefore denies the same.

14    61.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

15    the allegations of Paragraph 61 and therefore denies the same.

16    62.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

17    the allegations of Paragraph 62 and therefore denies the same.

18    63.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

19    the allegations of Paragraph 63 and therefore denies the same.

20    64.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

21    the allegations of Paragraph 64 and therefore denies the same.

22    65.    Paragraph 65 states a conclusion of law to which no response is required or

23    appropriate.

24    66.    Paragraph 66 states a conclusion of law to which no response is required or

25    appropriate.  To the extent a response is required, CHL lacks knowledge or information sufficient

26    to form a belief as to the truth of the allegations of Paragraph 66 and therefore denies the same.

27

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

67.    CHL lacks knowledge or information regarding the final HUD-1 Settlement Statement sufficient to form a belief as to the truth of the allegations of Paragraph 67 and therefore denies the same.

68.    CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 and therefore denies the same.

69.    CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 and therefore denies the same.

70.    To the extent that the allegations of Paragraph 70 relate to the Adjustable Rate Note evidencing the senior loan transaction defined by the FAC as the "ARM Loan", CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 and therefore denies the same.  To the extent the allegations of Paragraph 70 relate to the Home Equity Credit Line, CHL denies the allegations in Paragraph 70.

71.    To the extent that the allegations of Paragraph 71 relate to the Adjustable Rate Note evidencing the senior loan transaction defined by the FAC as the "ARM Loan", CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 and therefore denies the same.  To the extent the allegations of Paragraph 71 relate to the Home Equity Credit Line, CHL denies the allegations in Paragraph 71.

72.    To the extent that the allegations of Paragraph 72 relate to the Adjustable Rate Note evidencing the senior loan transaction defined by the FAC as the "ARM Loan", CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and therefore denies the same.  To the extent the allegations of Paragraph 72 relate to the Home Equity Credit Line, CHL denies the allegations in Paragraph 72.

73.    To the extent that the allegations of Paragraph 73 relate to the Adjustable Rate Note evidencing the senior loan transaction defined by the FAC as the "ARM Loan", CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 and therefore denies the same.  To the extent the allegations of Paragraph 73 relate to the Home Equity Credit Line, CHL denies the allegations in Paragraph 73.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

74.    To the extent that the allegations of Paragraph 74 relate to the Adjustable Rate Note evidencing the senior loan transaction defined by the FAC as the "ARM Loan", CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 and therefore denies the same.  To the extent the allegations of Paragraph 74 relate to the Home Equity Credit Line, CHL denies the allegations in Paragraph 74.

75.    To the extent that the allegations of Paragraph 75 relate to the Adjustable Rate Note evidencing the senior loan transaction defined by the FAC as the "ARM Loan", CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 and therefore denies the same.  To the extent the allegations of Paragraph 75 relate to the Home Equity Credit Line, CHL denies the allegations in Paragraph 75.

76.    To the extent that the allegations of Paragraph 76 relate to the Adjustable Rate Note evidencing the senior loan transaction defined by the FAC as the "ARM Loan", CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 and therefore denies the same.  To the extent the allegations of Paragraph 76 relate to the Home Equity Credit Line, CHL denies the allegations in Paragraph 76.

77.    Paragraph 77 of the FAC states a conclusion of law to which no response is required or appropriate.  To the extent a response is required, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 regarding Plaintiff's knowledge and therefore denies each and every allegation.

78.    To the extent that the allegations of Paragraph 78 relate to the Adjustable Rate Note evidencing the senior loan transaction defined by the FAC as the "ARM Loan", CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and therefore denies the same.  To the extent the allegations of Paragraph 78 relate to the Home Equity Credit Line, CHL denies the allegations in Paragraph 78.

79.    To the extent that the allegations of Paragraph 79 relate to the Adjustable Rate Note evidencing the senior loan transaction defined by the FAC as the "ARM Loan", CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT

1   79 and therefore denies the same. To the extent the allegations of Paragraph 79 relate to the Home

2   Equity Credit Line, CHL denies the allegations in Paragraph 79.

3       80.    To the extent that the allegations of Paragraph 80 relate to the Adjustable Rate Note

4   evidencing the senior loan transaction defined by the FAC as the "ARM Loan", CHL lacks

5   knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph

6   80 and therefore denies the same. To the extent the allegations of Paragraph 80 relate to the Home

7   Equity Credit Line, CHL denies the allegations in Paragraph 80.

8       81.    Paragraph 81 states a conclusion of law to which no response is required or

9   appropriate. To the extent a response is required, CHL lacks knowledge or information sufficient

10  to form a belief as to the truth of the allegations of Paragraph 81 regarding Plaintiff's knowledge

11  and therefore denies each and every allegation.

12      82.    To the extent that the allegations of Paragraph 82 relate to the Adjustable Rate Note

13  evidencing the senior loan transaction defined by the FAC as the "ARM Loan", CHL lacks

14  knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph

15  82 and therefore denies the same. To the extent the allegations of Paragraph 82 relate to the Home

16  Equity Credit Line, CHL denies the allegations in Paragraph 82.

17      83.    To the extent that the allegations of Paragraph 83 relate to the Adjustable Rate Note

18  evidencing the senior loan transaction defined by the FAC as the "ARM Loan", CHL lacks

19  knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph

20  83 and therefore denies the same. To the extent the allegations of Paragraph 83 relate to the Home

21  Equity Credit Line, CHL denies the allegations in Paragraph 83.

22      84.    To the extent that the allegations of Paragraph 84 relate to the Adjustable Rate Note

23  evidencing the senior loan transaction defined by the FAC as the "ARM Loan", CHL lacks

24  knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph

25  84 and therefore denies the same. To the extent the allegations of Paragraph 84 relate to the Home

26  Equity Credit Line, CHL denies the allegations in Paragraph 84.

27      85.    To the extent that the allegations of Paragraph 85 relate to the Adjustable Rate Note

28  evidencing the senior loan transaction defined by the FAC as the "ARM Loan", CHL lacks

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1  knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph

2  85 and therefore denies the same.  To the extent the allegations of Paragraph 85 relate to the Home

3  Equity Credit Line, CHL denies the allegations in Paragraph 85.

4      86.    To the extent that the allegations of Paragraph 86 relate to the Adjustable Rate Note

5  evidencing the senior loan transaction defined by the FAC as the "ARM Loan", CHL lacks

6  knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph

7  86 and therefore denies the same.  To the extent the allegations of Paragraph 86 relate to the Home

8  Equity Credit Line, CHL denies the allegations in Paragraph 86.

9      87.    To the extent that the allegations of Paragraph 87 relate to the Adjustable Rate Note

10  evidencing the senior loan transaction defined by the FAC as the "ARM Loan", CHL lacks

11  knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph

12  87 and therefore denies the same.  To the extent the allegations of Paragraph 87 relate to the Home

13  Equity Credit Line, CHL denies the allegations in Paragraph 87.

14      88.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

15  the allegations of Paragraph 88 and therefore denies the same.

16      89.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

17  the allegations of Paragraph 89 and therefore denies the same.

18      90.    Answering the allegations of Paragraph 90, CHL admits that on or about March 31,

19  2008, Plaintiff, through his attorney, sent a copy of the letter attached to the FAC as Exhibit I;

20  CHL denies each and every other allegation contained in Paragraph 90.

21      91.    Answering the allegations of Paragraph 91, CHL admits that on or about March 31,

22  2008, Plaintiff, through his attorney, sent a copy of the letter attached to the FAC as Exhibit I;

23  CHL denies each and every other allegation contained in Paragraph 91.

24      92.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

25  the allegations of Paragraph 92 and therefore denies the same.

26      93.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

27  the allegations of Paragraph 93 and therefore denies the same.

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT

94.     Answering the allegations of Paragraph 94, CHL admits that on or about April 1, 2008, it received a copy of the letter attached to the FAC as Exhibit I and that a copy of its certified mail return receipt is attached to the FAC as Exhibit K. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 as they pertain to other parties and therefore denies the same.

95.     CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 and therefore denies the same.

96.     Paragraph 96 of the FAC states a conclusion of law to which no response is required or appropriate. To the extent a response is required, CHL admits that it has not returned any monies but denies all other allegations in Paragraph 96.

97.     Paragraph 97 states a conclusion of law to which no response is required or appropriate. To the extent a response is required, to the extent the allegations refer to the senior loan, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 and therefore denies the same. To the extent the allegations refer to the junior loan, CHL denies and each every allegation contained in Paragraph 97.

### The GreenPoint Loans

98.     CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 and therefore denies the same.

99.     CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 and therefore denies the same.

100.    CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 and therefore denies the same.

101.    CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 and therefore denies the same.

102.    CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 and therefore denies the same.

103.    CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 and therefore denies the same.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

104. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 and therefore denies the same.

105. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 and therefore denies the same.

106. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 and therefore denies the same.

107. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107 and therefore denies the same.

108. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108 and therefore denies the same.

109. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109 and therefore denies the same.

110. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110 and therefore denies the same.

111. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111 and therefore denies the same.

112. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112 and therefore denies the same.

113. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113 and therefore denies the same.

114. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114 and therefore denies the same.

115. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115 and therefore denies the same.

116. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116 and therefore denies the same.

117. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117 and therefore denies the same.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

118. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118 and therefore denies the same.

119. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 and therefore denies the same.

120. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120 and therefore denies the same.

121. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121 and therefore denies the same.

122. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122 and therefore denies the same.

123. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123 and therefore denies the same.

124. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124 and therefore denies the same.

125. Paragraph 125 states a legal conclusion to which no response is required or appropriate. To the extent a response is required, CHL denies any monies are owed to Plaintiff.

126. Paragraph 126 states a legal conclusion to which no response is required or appropriate. To the extent a response is required, CHL denies any monies are owed to Plaintiff.

127. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 127 and therefore denies the same.

128. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 128 and therefore denies the same.

129. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 129 and therefore denies the same.

130. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 130 and therefore denies the same.

131. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131 and therefore denies the same.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1    132.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

2    the allegations of Paragraph 132 and therefore denies the same.

3    133.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

4    the allegations of Paragraph 133 and therefore denies the same.

5    134.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

6    the allegations of Paragraph 134 and therefore denies the same.

7    135.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

8    the allegations of Paragraph 135 and therefore denies the same.

9    136.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

10   the allegations of Paragraph 136 and therefore denies the same.

11   137.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

12   the allegations of Paragraph 137 and therefore denies the same.

13   138.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

14   the allegations of Paragraph 138 and therefore denies the same.

15   139.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

16   the allegations of Paragraph 139 and therefore denies the same.

17   140.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

18   the allegations of Paragraph 140 and therefore denies the same.

19   141.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

20   the allegations of Paragraph 141 and therefore denies the same.

21   142.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

22   the allegations of Paragraph 142 and therefore denies the same.

23   143.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

24   the allegations of Paragraph 143 and therefore denies the same.

25   144.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

26   the allegations of Paragraph 144 and therefore denies the same.

27   145.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

28   the allegations of Paragraph 145 and therefore denies the same.

146. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 146 and therefore denies the same.

147. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 147 and therefore denies the same.

148. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 148 and therefore denies the same.

149. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 149 and therefore denies the same.

150. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 150 and therefore denies the same.

151. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 151 and therefore denies the same.

152. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 152 and therefore denies the same.

153. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 153 and therefore denies the same.

154. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 154 and therefore denies the same.

155. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 155 and therefore denies the same.

156. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 156 and therefore denies the same.

157. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 157 and therefore denies the same.

158. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 158 and therefore denies the same.

159. CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 159 and therefore denies the same.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT

1    160.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

2    the allegations of Paragraph 160 and therefore denies the same.

3    161.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

4    the allegations of Paragraph 161 and therefore denies the same.

5    ## CLAIMS

6    ### FIRST CLAIMS FOR RELIEF
7    **Alleged Violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and Federal Reserve Board Regulation Z, 12 C.F.R. § 226 *et seq.***
8    **(Against South Pacific Parties)**

9    162.    CHL incorporates all paragraphs in this Answer as though fully set forth herein.

10    163.    Paragraph 163 states a legal conclusion to which no response is required or

11    appropriate.

12    164.    Paragraph 164 states a legal conclusion to which no response is required or

13    appropriate. To the extent a response is required, CHL lacks knowledge or information sufficient

14    to form a belief as to the truth of the allegations of Paragraph 164 and therefore denies the same.

15    165.    Paragraph 165 states a legal conclusion to which no response is required or

16    appropriate.

17    166.    Paragraph 166 states a legal conclusion to which no response is required or

18    appropriate.

19    167.    Paragraph 167 states a legal conclusion to which no response is required or

20    appropriate.

21    168.    Paragraph 168 states a legal conclusion to which no response is required or

22    appropriate. To the extent a response is required, CHL denies Plaintiff is entitled to rescission of

23    the Home Equity Line of Credit or Junior South Pacific loan.

24    169.    Paragraph 169 states a legal conclusion to which no response is required or

25    appropriate. To the extent a response is required, CHL lacks knowledge or information sufficient

26    to form a belief as to the truth of the allegations of Paragraph 169 and therefore denies the same.

27

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1    170.    Paragraph 170 states a legal conclusion to which no response is required or

2  appropriate.  To the extent a response is required, CHL denies Plaintiff is entitled to rescission

3  pursuant to 15 U.S.C. §1641(c).

4    171.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

5  the allegations of Paragraph 171 and therefore denies the same.

6    172.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

7  the allegations of Paragraph 172 and therefore denies the same.

8    173.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

9  the allegations of Paragraph 173 and therefore denies the same.

10    174.    CHL lacks knowledge or information sufficient to form a belief as to the truth of

11  the allegations of Paragraph 174 and therefore denies the same.

12    175.    CHL denies the allegations in Paragraph 175.

13    176.    Paragraph 176 states a legal conclusion to which no response is required or

14  appropriate.  To the extent a response is required, CHL lacks knowledge or information sufficient

15  to form a belief as to the truth of the allegations of Paragraph 176 and therefore denies the same.

16    177.    Paragraph 177 states a legal conclusion to which no response is required or

17  appropriate.  To the extent a response is required, CHL denies the allegations in Paragraph 177.

18    178.    Paragraph 178 states a legal conclusion to which no response is required or

19  appropriate.  To the extent a response is required, as it pertains to the senior loan, CHL lacks

20  knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph

21  178 and therefore denies the same.  As it pertains to the junior loan, CHL denies the allegations in

22  Paragraph 178.

23    179.    Paragraph 179 states a legal conclusion to which no response is required or

24  appropriate.  To the extent a response is required, as it pertains to the senior loan, CHL lacks

25  knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph

26  179 and therefore denies the same, and as it pertains to the junior loan, CHL denies the allegations

27  in Paragraph 179.

28    180.    CHL denies the allegations in Paragraph 180.

DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT

181.    Paragraph 181 states a legal conclusion to which no response is required or appropriate.  To the extent a response is required, as it pertains to the senior loan, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 181 and therefore denies the same.  As it pertains to the junior loan, CHL denies the allegations in Paragraph 181.

182.    Paragraph 182 states a legal conclusion to which no response is required or appropriate.  To the extent a response is required, as it pertains to the senior loan, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 182 and therefore denies the same.  As it pertains to the junior loan, CHL denies the allegations in Paragraph 182.

183.    Paragraph 183 states a legal conclusion to which no response is required or appropriate.  To the extent a response is required, as it pertains to the senior loan, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 183 and therefore denies the same, and as it pertains to the junior loan, CHL denies the allegations in Paragraph 183.

## SECOND CLAIM FOR RELIEF

**Violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and
Federal Reserve Board Regulation Z, 12 C.F.R. § 226 *et seq.*,
(Against GREENPOINT Parties)**

184-206.    Paragraphs 184-206 are directed at parties other than CHL and therefore no response is required.  To the extent a response might be required, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 184-206 and therefore denies the same.

## THIRD CLAIM FOR RELIEF

**Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, and
Federal Reserve Board Regulation X, 12 C.F.R. § 3500 *et seq.*,
(Against SOUTH PACIFIC Parties)**

207.    CHL incorporates all paragraphs in this Answer as thought fully set forth herein.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1   208.   Paragraph 208 states a legal conclusion to which no response is required or

2   appropriate.

3   209.   Paragraph 209 states a legal conclusion to which no response is required or

4   appropriate.

5   210.   Paragraph 210 states a legal conclusion to which no response is required or

6   appropriate.

7   211.   Paragraph 211 states a legal conclusion to which no response is required or

8   appropriate.

9   212.   Paragraph 212 states a legal conclusion to which no response is required or

10  appropriate.

11  213.   Paragraph 213 states a legal conclusion to which no response is required or

12  appropriate.

13  214.   Paragraph 214 states a legal conclusion to which no response is required or

14  appropriate. To the extent a response is required, CHL lacks knowledge or information sufficient

15  to form a belief as to the truth of the allegations of Paragraph 214 and therefore denies the same.

16  215.   Paragraph 215 states a legal conclusion to which no response is required or

17  appropriate.

18  216.   CHL lacks knowledge or information sufficient to form a belief as to the truth of

19  the allegations of Paragraph 216 and therefore denies the same.

20  217.   Paragraph 217 states a legal conclusion to which no response is required or

21  appropriate. To the extent a response is required, CHL lacks knowledge or information sufficient

22  to form a belief as to the truth of the allegations of Paragraph 217 and therefore denies the same.

23  218.   Paragraph 218 states a legal conclusion to which no response is required or

24  appropriate. To the extent a response is required, CHL lacks knowledge or information sufficient

25  to form a belief as to the truth of the allegations of Paragraph 218 and therefore denies the same.

26  219.   Paragraph 219 states a legal conclusion to which no response is required or

27  appropriate. To the extent a response is required, CHL lacks knowledge or information sufficient

28  to form a belief as to the truth of the allegations of Paragraph 219 and therefore denies the same.

BRYAN CAVE LLP
Two Embarcadero Center, Suite 1410
201 Clay Street
San Francisco, CA 94111-3907

DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

220. Paragraph 220 states a legal conclusion to which no response is required or appropriate. To the extent a response is required, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 220 and therefore denies the same.

221. Paragraph 221 states a legal conclusion to which no response is required or appropriate.

222. Paragraph 222 states a legal conclusion to which no response is required or appropriate. To the extent a response is required, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 222 and therefore denies the same.

223. Paragraph 223 states a legal conclusion to which no response is required or appropriate. To the extent a response is required, CHL denies it violated RESPA and that Plaintiff is entitled to a civil penalty from CHL; otherwise CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 223 and therefore denies the same.

224. Paragraph 224 states a legal conclusion to which no response is required or appropriate. To the extent a response is required, CHL denies it violated RESPA and that Plaintiff is entitled to a civil penalty from CHL; otherwise, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 224 and therefore denies the same.

225. Paragraph 225 states a legal conclusion to which no response is required or appropriate. To the extent a response is required, CHL denies it violated RESPA or Regulation X, and that Plaintiff is entitled to award of fees and costs from CHL; otherwise, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 225 and therefore denies the same.

226. Paragraph 226 states a legal conclusion to which no response is required or appropriate. To the extent a response is required, CHL denies that it violated RESPA or engaged in improper or unfair practices and that Plaintiff is entitled to treble damages from CHL; otherwise, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 226 and therefore denies the same.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

## FOURTH CLAIM FOR RELIEF

### Violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, and Federal Reserve Board Regulation X, 24 C.F.R. § 3500 *et seq.*, (Against GREENPOINT Parties)

227-246.      Paragraphs 227-246 are directed at parties other than CHL and therefore no response is required.   To the extent a response might be required, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 227-246 and therefore denies the same.

## FIFTH CLAIM FOR RELIEF

### Fraud
### (Against BARRIOS, ANDRUS & ASSOCIATES, ANDRUS, RESIDENTIAL and CHAPMAN)

247-257.      Paragraphs 247-257 are directed at parties other than CHL and therefore no response is required.   To the extent a response might be required, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 247-257 and therefore denies the same.

## SIXTH CLAIM FOR RELIEF

### Civil Conspiracy

258.      CHL incorporates all paragraphs in this Answer as though fully set forth herein.

259.      To the extent the allegations address defendants other than CHL, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 259 and therefore denies the same.  CHL denies the allegations in Paragraph 259 to the extent they pertain to CHL.

260.      To the extent the allegations address defendants other than CHL, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 260 and therefore denies the same.  CHL denies the allegations in Paragraphs 260 to the extent they pertain to CHL.

1    261.    To the extent the allegations address defendants other than CHL, CHL lacks

2    knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph

3    261 and therefore denies the same. CHL denies the allegations in Paragraphs 261 to the extent

4    they pertain to CHL.

5    262.    To the extent the allegations address defendants other than CHL, CHL lacks

6    knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph

7    262 and therefore denies the same. CHL denies the allegations in Paragraphs 262 to the extent

8    they pertain to CHL.

9    263.    To the extent the allegations address defendants other than CHL, CHL lacks

10    knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph

11    263 and therefore denies the same. CHL denies the allegations in Paragraphs 263 to the extent

12    they pertain to CHL.

13    264.    To the extent the allegations address defendants other than CHL, CHL lacks

14    knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph

15    264 and therefore denies the same. CHL denies the allegations in Paragraphs 264 to the extent

16    they pertain to CHL.

17    265.    To the extent the allegations address defendants other than CHL, CHL lacks

18    knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph

19    265 and therefore denies the same. CHL denies the allegations in Paragraphs 265 to the extent

20    they pertain to CHL.

21    266.    To the extent the allegations address defendants other than CHL, CHL lacks

22    knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph

23    266 and therefore denies the same. CHL denies the allegations in Paragraphs 266 to the extent

24    they pertain to CHL.

25    267.    To the extent the allegations address defendants other than CHL, CHL lacks

26    knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph

27    267 and therefore denies the same. CHL denies the allegations in Paragraphs 267 to the extent

28    they pertain to CHL.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

268. To the extent the allegations address defendants other than CHL, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 268 and therefore denies the same. CHL denies the allegations in Paragraphs 268 to the extent they pertain to CHL.

269. To the extent the allegations address defendants other than CHL, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 269 and therefore denies the same. CHL denies the allegations in Paragraphs 269 to the extent they pertain to CHL.

270. To the extent the allegations address defendants other than CHL, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 270 and therefore denies the same. CHL denies the allegations in Paragraphs 270 to the extent they pertain to CHL.

271. To the extent the allegations address defendants other than CHL, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 271 and therefore denies the same. CHL denies the allegations in Paragraphs 271 to the extent they pertain to CHL.

## SEVENTH CLAIM FOR RELIEF

### Breach of Fiduciary Duty
### (Against BARRIOS, ANDRUS & ASSOCIATES, ANDRUS, RESIDENTIAL and CHAPMAN)

272-282. Paragraphs 272-282 are directed at parties other than CHL and therefore no response is required. To the extent a response might be required, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 272-282 and therefore denies the same.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

**EIGHTH CLAIM FOR RELIEF**

**Negligence**
**(Against BARRIOS, ANDRUS & ASSOCIATES, ANDRUS, RESIDENTIAL and**
**CHAPMAN)**

283-293.    Paragraphs 283-293 are directed at parties other than CHL and therefore no response is required.  To the extent a response might be required, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 283-293 and therefore denies the same.

**NINTH CLAIM FOR RELIEF**

**Negligent Training**
**(Against BARRIOS, ANDRUS & ASSOCIATES, ANDRUS, RESIDENTIAL and**
**CHAPMAN)**

294-301.    Paragraphs 294-301 are directed at parties other than CHL and therefore no response is required.  To the extent a response might be required, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 294-301 and therefore denies the same.

**TENTH CLAIM FOR RELIEF**

**Negligent Supervision**
**(Against BARRIOS, ANDRUS & ASSOCIATES, ANDRUS, RESIDENTIAL and**
**CHAPMAN)**

302-308.    Paragraphs 302-308 are directed at parties other than CHL and therefore no response is required.  To the extent a response might be required, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 302-308 and therefore denies the same.

DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

### ELEVENTH CLAIM FOR RELIEF

**Alleged Violation of California Business and Professions Code § 17200 *et seq.***

309.    CHL incorporates all paragraphs in this Answer as though fully set forth herein.

310.    The allegations of Paragraph 310 state a legal conclusion to which no response is required or appropriate.  To the extent the allegations in Paragraph 310 pertain to the conduct of CHL, CHL denies the allegations in Paragraph 310.  To the extent the allegations pertain to the conduct of defendants other than CHL, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 310 and therefore denies the same.

311.    The allegations of Paragraph 311 state a legal conclusion to which no response is required or appropriate.  To the extent the allegations in Paragraph 311 pertain to the conduct of CHL, CHL denies the allegations in Paragraph 311.  To the extent the allegations pertain to the conduct of defendants other than CHL, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 311 and therefore denies the same.

312.    The allegations of Paragraph 312 state a legal conclusion to which no response is required or appropriate.  To the extent the allegations in Paragraph 312 pertain to the conduct of CHL, CHL denies the allegations in Paragraph 312.  To the extent the allegations pertain to the conduct of defendants other than CHL, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 312 and therefore denies the same.

313.    The allegations of Paragraph 313 state a legal conclusion to which no response is required or appropriate.  To the extent the allegations in Paragraph 313 pertain to the conduct of CHL, CHL denies the allegations in Paragraph 313.  To the extent the allegations pertain to the conduct of defendants other than CHL, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 313 and therefore denies the same.

314.    The allegations of Paragraph 314 state a legal conclusion to which no response is required or appropriate.  To the extent the allegations in Paragraph 314 pertain to the conduct of CHL, CHL denies the allegations in Paragraph 314.  To the extent the allegations pertain to the conduct of defendants other than CHL, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 314 and therefore denies the same.

315. The allegations of Paragraph 315 state a legal conclusion to which no response is required or appropriate. To the extent the allegations in Paragraph 315 pertain to the conduct of CHL, CHL denies the allegations in Paragraph 315. To the extent the allegations pertain to the conduct of defendants other than CHL, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 315 and therefore denies the same.

316. To the extent the allegations in Paragraph 316 pertain to the conduct of CHL, CHL denies the allegations in Paragraph 316. To the extent the allegations pertain to the conduct of defendants other than CHL, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 316 and therefore denies the same.

317. The allegations of Paragraph 317 state a legal conclusion to which no response is required or appropriate. To the extent the allegations in Paragraph 317 pertain to the conduct of CHL, CHL denies the allegations in Paragraph 317. To the extent the allegations pertain to the conduct of defendants other than CHL, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 317 and therefore denies the same.

318. The allegations of Paragraph 318 state a legal conclusion to which no response is required or appropriate. To the extent the allegations in Paragraph 318 pertain to the conduct of CHL, CHL denies the allegations in Paragraph 318. To the extent the allegations pertain to the conduct of defendants other than CHL, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 318 and therefore denies the same.

319. The allegations of Paragraph 319 state a legal conclusion to which no response is required or appropriate. To the extent the allegations in Paragraph 319 pertain to the conduct of CHL, CHL denies the allegations in Paragraph 319. To the extent the allegations pertain to the conduct of defendants other than CHL, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 319 and therefore denies the same.

320. The allegations of Paragraph 320 state a legal conclusion to which no response is required or appropriate. To the extent the allegations in Paragraph 320 pertain to the conduct of CHL, CHL denies the allegations in Paragraph 320. To the extent the allegations pertain to the

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT

1    conduct of defendants other than CHL, CHL lacks knowledge or information sufficient to form a

2    belief as to the truth of the allegations of Paragraph 320 and therefore denies the same.

### TWELFTH CLAIM FOR RELIEF

**Alleged Elder Abuse and Dependent Adult Civil Protection Act, Ca. Welf. & Inst. Code § 15160, *et seq*.**

321.    CHL incorporates all paragraphs in this Answer as though fully set forth herein.

322.    Paragraph 322 states a legal conclusion to which no response is required or appropriate.

323.    Paragraph 323 states a legal conclusion to which no response is required or appropriate.

324.    The allegations of Paragraph 324 state a legal conclusion to which no response is required or appropriate.  To the extent the allegations in Paragraph 324 pertain to the conduct of CHL, CHL denies the allegations in Paragraph 324.  To the extent the allegations pertain to the conduct of defendants other than CHL, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 324 and therefore denies the same.

325.    Paragraph 325 states a legal conclusion to which no response is required or appropriate.  To the extent a response is required, CHL denies the allegations of Paragraph 325.

326.    The allegations of Paragraph 326 state a legal conclusion to which no response is required or appropriate.  To the extent the allegations in Paragraph 326 pertain to the conduct of CHL, CHL denies the allegations in Paragraph 326.  To the extent the allegations pertain to the conduct of defendants other than CHL, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 326 and therefore denies the same.

327.    The allegations of Paragraph 327 state a legal conclusion to which no response is required or appropriate.  To the extent the allegations in Paragraph 327 pertain to the conduct of CHL, CHL denies the allegations in Paragraph 327.  To the extent the allegations pertain to the conduct of defendants other than CHL, CHL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 327 and therefore denies the same.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1    328.    The allegations of Paragraph 328 state a legal conclusion to which no response is

2    required or appropriate. To the extent the allegations in Paragraph 328 pertain to the conduct of

3    CHL, CHL denies the allegations in Paragraph 328. To the extent the allegations pertain to the

4    conduct of defendants other than CHL, CHL lacks knowledge or information sufficient to form a

5    belief as to the truth of the allegations of Paragraph 328 and therefore denies the same.

6    329.    The allegations of Paragraph 329 state a legal conclusion to which no response is

7    required or appropriate. To the extent the allegations in Paragraph 329 pertain to the conduct of

8    CHL, CHL denies the allegations in Paragraph 329. To the extent the allegations pertain to the

9    conduct of defendants other than CHL, CHL lacks knowledge or information sufficient to form a

10    belief as to the truth of the allegations of Paragraph 329 and therefore denies the same.

11    330.    The allegations of Paragraph 330 state a legal conclusion to which no response is

12    required or appropriate. To the extent the allegations in Paragraph 330 pertain to the conduct of

13    CHL, CHL denies the allegations in Paragraph 330. To the extent the allegations pertain to the

14    conduct of defendants other than CHL, CHL lacks knowledge or information sufficient to form a

15    belief as to the truth of the allegations of Paragraph 330 and therefore denies the same.

16    331.    The allegations of Paragraph 331 state a legal conclusion to which no response is

17    required or appropriate. To the extent the allegations in Paragraph 331 pertain to the conduct of

18    CHL, CHL denies the allegations in Paragraph 331. To the extent the allegations pertain to the

19    conduct of defendants other than CHL, CHL lacks knowledge or information sufficient to form a

20    belief as to the truth of the allegations of Paragraph 331 and therefore denies the same.

21    **PUNITIVE DAMAGES**

22    332.    The allegations of Paragraph 332 state a legal conclusion to which no response is

23    required or appropriate. To the extent the allegations in Paragraph 332 pertain to the conduct of

24    CHL, CHL denies the allegations in Paragraph 332. To the extent the allegations pertain to the

25    conduct of defendants other than CHL, CHL lacks knowledge or information sufficient to form a

26    belief as to the truth of the allegations of Paragraph 332 and therefore denies the same.

27    333.    The allegations of Paragraph 333 state a legal conclusion to which no response is

28    required or appropriate. To the extent the allegations in Paragraph 333 pertain to the conduct of

1  CHL, CHL denies the allegations in Paragraph 333. To the extent the allegations pertain to the

2  conduct of defendants other than CHL, CHL lacks knowledge or information sufficient to form a

3  belief as to the truth of the allegations of Paragraph 333 and therefore denies the same.

4      334.  The allegations of Paragraph 334 state a legal conclusion to which no response is

5  required or appropriate. To the extent the allegations in Paragraph 334 pertain to the conduct of

6  CHL, CHL denies the allegations in Paragraph 334. To the extent the allegations pertain to the

7  conduct of defendants other than CHL, CHL lacks knowledge or information sufficient to form a

8  belief as to the truth of the allegations of Paragraph 334 and therefore denies the same.

9  **AFFIRMATIVE DEFENSES**

10      Defendant CHL further responds to Plaintiff's First Amended Complaint by asserting the

11  following Affirmative Defenses:

12  **FIRST AFFIRMATIVE DEFENSE**

13      335.  The Complaint does not state facts sufficient to constitute a cause of action.

14  **SECOND AFFIRMATIVE DEFENSE**

15      336.  The Complaint is barred, in whole or in part, by the applicable statutes of

16  limitation, including but not limited to the statutes of limitation set forth in Civil Procedure Code

17  Sections 337, 338, 339, 340, 343, Business and Professions Code Section 17208, Title 15, Section

18  1640 of the United States Code, and Title 12, Section 2614 of the United States Code.

19  **THIRD AFFIRMATIVE DEFENSE**

20      337.  The Complaint is barred, in whole or in part, because Plaintiff consented to the

21  terms of the transaction of which Plaintiff now complains.

22  **FOURTH AFFIRMATIVE DEFENSE**

23      338.  The Complaint is barred, in whole or in part, because CHL did not owe Plaintiff a

24  duty. If CHL did owe Plaintiff a duty, CHL did not breach its duty to Plaintiff.

25  **FIFTH AFFIRMATIVE DEFENSE**

26      339.  The Complaint is barred, in whole or in part, because CHL made no

27  misrepresentations to Plaintiff.

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1

### SIXTH AFFIRMATIVE DEFENSE

2    340.    The Complaint is barred, in whole or in part, because Plaintiff did not rely on any

3 alleged representations or misrepresentations by CHL.  If Plaintiff did rely on any alleged

4 representations or misrepresentations of CHL, such reliance was not reasonable.

5

### SEVENTH AFFIRMATIVE DEFENSE

6    341.    The Complaint is barred, in whole or in part, because the alleged representations or

7 misrepresentations were not material to the transactions which are the subject of the Complaint.

8

### EIGHTH AFFIRMATIVE DEFENSE

9    342.    The Complaint is barred, in whole or in part, because CHL acted in compliance

10 with all applicable laws, statutes, and regulations, including but not limited to the TILA, 15 U.S.C.

11 §§ 1600 *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et*

12 *seq.*

13

### NINTH AFFIRMATIVE DEFENSE

14    343.    The Complaint is barred, in whole or in part, by the doctrine of estoppel.

15

### TENTH AFFIRMATIVE DEFENSE

16    344.    The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

17

### ELEVENTH AFFIRMATIVE DEFENSE

18    345.    The Complaint is barred, in whole or in part, because Plaintiff ratified the alleged

19 actions or failures to act of CHL.

20

### TWELFTH AFFIRMATIVE DEFENSE

21    346.    The Complaint is barred, in whole or in part, by the doctrine of waiver.

22

### THIRTEENTH AFFIRMATIVE DEFENSE

23    347.    The Complaint is barred, in whole or in part, because Plaintiff has not suffered the

24 injury or damages alleged, or any other injury or damages.

25

### FOURTEENTH AFFIRMATIVE DEFENSE

26    348.    The Complaint is barred, in whole or in part, because if Plaintiff sustained injury or

27 damage, said injury or damage was caused wholly or in part by the conduct, negligent acts or

28 omissions, and/or fault of third parties or entities other than CHL, which conduct, acts or

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

BRYAN CAVE LLP
Two Embarcadero Center, Suite 1410
201 Clay Street
San Francisco, CA 94111-3907

1  omissions, or fault was the sole proximate cause or an intervening or superseding cause of any

2  injury or damage to Plaintiff.

3  **FIFTEENTH AFFIRMATIVE DEFENSE**

4  349.    The Complaint is barred, in whole or in part, because any injury, damage or loss

5  allegedly sustained by Plaintiff was proximately and actually caused by and contributed to by the

6  negligence and carelessness of Plaintiff in that Plaintiff failed to exercise ordinary care on his own

7  behalf at the times and places set forth in the Complaint.

8  **SIXTEENTH AFFIRMATIVE DEFENSE**

9  350.    The Complaint is barred, in whole or in part, because none of the alleged acts or

10  omissions of CHL were the proximate cause of Plaintiff's purported injuries and damages, if any.

11  **SEVENTEENTH AFFIRMATIVE DEFENSE**

12  351.    The Complaint is barred, in whole or in part, because Plaintiff failed and refused to

13  mitigate his damages.

14  **EIGHTEENTH AFFIRMATIVE DEFENSE**

15  352.    The Complaint is barred, in whole or in part, by the doctrine of assumption of risk.

16  **NINETEENTH AFFIRMATIVE DEFENSE**

17  353.    The Complaint is barred, in whole or in part, on the ground that CHL's conduct

18  with respect to Plaintiff was effected in good faith, without malice, spite, or conscious, reckless, or

19  negligent disregard of Plaintiff's rights, if any, and without improper purpose or motive,

20  maliciousness, or ill will of any kind.

21  **TWENTIETH AFFIRMATIVE DEFENSE**

22  354.    The Complaint is barred, in whole or in part, because any award in this action

23  would constitute unjust enrichment.

24  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

25  355.    To the extent that Plaintiff is seeking any monetary recovery from CHL, that

26  amount must be set off against amounts that Plaintiff currently owes CHL.

27

28

1

### TWENTY-SECOND AFFIRMATIVE DEFENSE

2          356.    To the extent that Plaintiff seeks equitable relief against CHL, Plaintiff has

3    adequate legal remedies for his purported injuries, if any, resulting from the alleged conduct of the

4    CHL.

5

### TWENTY-THIRD AFFIRMATIVE DEFENSE

6          357.    Plaintiff is not entitled to recover attorneys' fees because Plaintiff has not set forth

7    a sufficient factual or legal basis for the recovery of attorneys' fees from CHL.

8

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

9          358.    Plaintiff's state law claims are preempted, in whole or in part, by federal statutory,

10   regulatory, or common law, including but not limited to the TILA, 15 U.S.C. §§ 1600 *et seq*., and

11   the RESPA, 12 U.S.C. §§ 2601 *et seq*.

12

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

13         359.    CHL concealed no facts from Plaintiff.  To the extent that any fact or facts were

14   concealed from Plaintiff, such concealment was not made with the intent to defraud, deceive, or

15   mislead Plaintiff or to induce him to engage in any alleged conduct.

16

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

17         360.    Plaintiff had a reasonably available alternative source of supply for the financing he

18   sought and therefore cannot state a claim for unfair business practices.

19

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

20         361.    The practices alleged in the Complaint were not likely to mislead the public

21   because adequate disclosures were made.

22

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

23         362.    Plaintiff's claim for punitive damages, if granted, would be grossly excessive and

24   would violate the Due Process clause of the Fourteenth Amendment to the U.S. Constitution.

25   CHL has not received fair notice that it could be subject to substantial punitive damages in this

26   State for the conduct alleged.  CHL's conduct was not deliberate, and the damages, if any, to

27   Plaintiff were economic.  The punitive damages sought by Plaintiff are greatly disproportionate to

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1 any actual damages and far exceed any civil or criminal sanctions that could be imposed for

2 similar alleged misconduct.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

4     363.   Plaintiff's claim for punitive damages, if granted, would violate the Eighth

5 Amendment to the U.S. Constitution and Article I, §§ 1 and 17, of the California Constitution

6 because it seeks to impose an excessive fine upon CHL and is penal in nature.

### THIRTIETH AFFIRMATIVE DEFENSE

8     364.   Plaintiff's claim for punitive damages, if granted, would violate the Equal

9 Protection clause of the Fourteenth Amendment to the U.S. Constitution and Article I, § 7 of the

10 California Constitution because it would discriminate against CHL on the basis of wealth and

11 because different amounts can be awarded against two or more defendants for the same act where

12 those defendants differ only in material wealth.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

14     365.   Plaintiff's claim for punitive damages violates the Due Process Clause of the Fifth

15 and Fourteenth Amendments to the U.S. Constitution because it seeks to punish CHL based upon

16 unconstitutionally vague standards.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

18     366.   Plaintiff's claim for punitive damages, if granted, would violate the Fifth

19 Amendment to the U.S. Constitution and Article I, § 15 of the California Constitution because it

20 would expose CHL to multiple punishments and fines for the same act or conduct.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

22     367.   Plaintiff's claim for punitive damages violates the Due Process clause of the Fifth

23 and Fourteenth Amendments to the United States Constitution in the absence of an order

24 bifurcating that claim from the issue of liability.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

26     368.   Any award of punitive damages in this case would violate the Separation of Powers

27 Doctrine since this Court and the jury would be usurping the exclusive power of the legislature to

28 define crimes and establish punishment.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

369.    Any award of punitive damages in this case would be constitutionally defective as an ex post facto law prohibited by the California and United States Constitutions.  The jury, in making any such punitive award, would be effectively criminalizing conduct after it has occurred and without appropriate advance notice to a defendant that such conduct may subject it to criminal punishment.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

370.    Plaintiff's burden of proof to support a punitive damage recovery is by clear and convincing evidence.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

371.    The practices alleged in the Complaint do not constitute an illegal "kickback" as set forth in RESPA.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

372.    Plaintiff's claim for violation of Civil Code Section 1632 fails because CHL is not a person engaged in a trade or business that negotiates primarily in Spanish.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

373.    The contractual documents described in the Complaint were not required by Civil Code Section 1632 to be translated into Spanish.

### FORTIETH AFFIRMATIVE DEFENSE

374.    Plaintiff's action is barred by the terms of his agreement(s) with CHL.

### FORTY-FIRST AFFIRMATIVE DEFENSE

375.    Plaintiff's TILA claim is barred because CHL acted in good faith in conformity with the rules, regulations, and interpretations of the Federal Reserve Board.

/ / /

/ / /

/ / /

/ / /

/ / /

1

## **PRAYER FOR RELIEF**

2

WHEREFORE, CHL prays as follows:

3      1.     That Plaintiff takes nothing by his Complaint and that the same be dismissed with

4  prejudice;

5      2.     That CHL have judgment entered in its favor;

6      3.     That CHL be awarded costs of suit, including attorneys' fees; and

7      4.     For such other and further relief as this Court deems proper.

8

9  Dated:     June 13, 2008            BRYAN CAVE LLP

10

11                              By:_____

12                                Stephanie A. Blazewicz
                                   Attorneys for Defendant Countrywide Home Loans,

13                                   Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907