United States District Court
For the Northern District of California

1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                  SAN JOSE DIVISION

10  Carlos H. Perez,                          NO. C 08-01972 JW

11              Plaintiff,              **ORDER GRANTING IN PART AND
                                        DENYING IN PART DEFENDANTS'**
12     v.                               **MOTIONS TO DISMISS**

13  GMAC Mortgage USA Corp., et al.,

14              Defendants.
                                    /

15              **I.  INTRODUCTION**

16          Carlos H. Perez ("Plaintiff") brings this action against Defendants[1] alleging, *inter alia*,

17  violation of the federal Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.*, and various state law

18  causes of action.  Plaintiff alleges that Defendants engaged in predatory lending practices by failing

19  to adequately disclose various terms of Plaintiff's home mortgage loans and engaging in aggressive

20  sales tactics.

21

22          [1] Defendants are GMAC Mortgage USA Corporation ("GMAC"), Executive Trustee
    Services, LLC ("Executive"), Greenpoint Mortgage Funding, Inc. ("Greenpoint"), Homecomings
23  Financial, LLC ("Homecomings"), South Pacific Financial Corporation ("South Pacific"), Luis G.
    Barrios ("Barrios"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Andrus &
24  Associates, Inc., Residential Mortgage Capital ("Residential"), Paul Ray Andrus ("Andrus"), James
    John Chapman ("Chapman") and Elizabeth P. Campos ("Campos") (collectively, "Defendants").
25  Countrywide Home Loans, Inc. ("Countrywide") was originally a Defendant in this action, but was
    dismissed pursuant to Fed. R. Civ. P. 41(a)(1).  (See Docket Item No. 87.)  The First Amended
26  Complaint separates Defendants, including Countrywide, into two general groups:  Homecomings,
    Countrywide, South Pacific, Residential, Chapman, Barrios and Campos constitute the "South
27  Pacific Parties."  GMAC, MERS, Executive, Greenpoint, Andrus & Associates, Andrus, Barrios and
    Campos constitute the "Greenpoint Parties."  (First Amended Complaint for Damages, Injunctive
28  and Declaratory Relief ¶ 29, hereafter, "Complaint," Docket Item No. 16.)

Presently before the Court are Defendants GMAC, Homecomings, and Executive's Partial Motion to Dismiss[2] (hereafter, "GMAC Motion," Docket Item No. 51) and Greenpoint Mortgage Funding's Motion to Dismiss (hereafter, "Greenpoint Motion," Docket Item No. 46).  The Court found it appropriate to take the matter under submission without oral argument.  See Civ. L.R. 7-1(b).  Based on the papers submitted to date, the Court GRANTS in part and DENIES in part the GMAC Defendants' Motion to Dismiss, and DENIES Greenpoint's Motion to Dismiss.

## II.  BACKGROUND

In a First Amended Complaint filed on April 23, 2008, Plaintiff alleges as follows:

Plaintiff is a seventy-one year old citizen of California.  (Complaint ¶ 8.)  Defendant Barrios is a citizen of California acting as a residential real estate broker.  (Id. ¶ 20.) Defendants GMAC and Homecomings are Delaware corporations engaged in consumer mortgage lending.  (Id. ¶¶ 9, 15.)  Defendants Greenpoint and South Pacific are New York and California corporations, respectively, engaged in extending credit to persons for residential real estate transactions.  (Id. ¶¶ 12, 17.)  Defendant Executive is a Delaware corporation engaged in the residential mortgage business.  (Id. ¶ 11.)

In March 2005, Barrios solicited Plaintiff to refinance his home loans.  (Complaint ¶ 43.)  Based on Barrios' representation that Plaintiff would receive a fixed low interest rate and decrease his monthly mortgage payment, Plaintiff agreed to refinance his home mortgage with a loan from the South Pacific Parties.  (Id. ¶ 43.)  In refinancing Plaintiff's home, the South Pacific Parties failed to make certain required disclosures.  (See, e.g., Complaint ¶¶ 75-78.)  The South Pacific loan was subsequently sold to Countrywide and Homecomings. (Complaint ¶ 51.)

In March 2006, Barrios convinced Plaintiff to "flip" his South Pacific loan and refinance his home mortgage through a new loan from the Greenpoint Parties.  (Complaint ¶¶

---

[2]  Defendants GMAC, Homecomings and Executive are hereafter referred to collectively as "the GMAC Defendants."

United States District Court

For the Northern District of California

42, 101-107.)  The Greenpoint Parties failed to make certain required disclosures with respect to this loan.  (<u>See, e.g.</u>, Complaint ¶¶ 135-138.)  The Greenpoint loan was subsequently sold to GMAC.  (<u>Id.</u> ¶¶ 109, 111.)

On the basis of the allegations outlined above, Plaintiff alleges twelve causes of action:

| Cause of Action | Defendants |
| --- | --- |
| (1)  Violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.* | South Pacific Parties |
| (2)  Violations of TILA | Greenpoint Parties |
| (3)  Violations of the Real Estate and Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.* | South Pacific Parties |
| (4)  Violations of RESPA | Greenpoint Parties |
| (5)  Fraud | Barrios, Andrus & Associates, Andrus, Residential and Chapman |
| (6)  Conspiracy | All Defendants |
| (7)  Breach of Fiduciary Duty | Barrios, Andrus & Associates, Andrus, Residential and Chapman |
| (8)  Negligence | Barrios, Andrus & Associates, Andrus, Residential and Chapman |
| (9)  Negligent Training | Andrus & Associates, Andrus, Residential and Chapman |
| (10)  Negligent Supervision | Andrus & Associates, Andrus, Residential and Chapman |
| (11)  Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* | All Defendants |
| (12)  Violation of the Elder Abuse and Dependent Adult Civil Protection Act ("Elder Abuse Act"), Cal. Welf. & Inst. Code §§ 15610, *et seq.* | All Defendants |

Presently before the Court are the GMAC Defendants' Motion to Dismiss Plaintiff's First, Second, Third, Fourth, Sixth, Eleventh and Twelfth Causes of Action and Greenpoint's Motion to Dismiss Plaintiff's Twelfth Cause of Action.

## III.  STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant.

3

Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984).  For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party."  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  Any existing ambiguities must be resolved in favor of the pleading.  Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action.  Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).  The complaint must plead "enough facts to state a claim for relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. __ , 127 S. Ct. 1955, 1974 (2007).  Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment.  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

## IV.  DISCUSSION

**A.    First and Second Causes of Action:  Violations of TILA**

The GMAC Defendants move to dismiss Plaintiff's First Cause of Action for violation of TILA on the ground that insofar as Plaintiff is seeking the remedy of rescission of the March 2005 South Pacific loan, that remedy is unavailable as a matter of law.[3]  (GMAC Motion at 5.)

TILA mandates certain disclosures in consumer loan transactions.  15 U.S.C. § 1631.  For example, lenders are required to provide a clear statement of the annual percentage rate and the finance charge.  15 U.S.C. § 1632.  A borrower may bring an action for violation of TILA's disclosure obligations.  15 U.S.C. § 1640.  The action must be brought within one year of the date of the alleged violation for civil damages.  15 U.S.C. § 1640(e).  However, TILA also creates a right of

---

[3]  The GMAC Defendants also move to dismiss Plaintiff's Second Cause of Action for violation of TILA to the extent Plaintiff seeks civil damages under 15 U.S.C. § 1640.  Plaintiff concedes that civil damages are barred by the one-year statute of limitations under 15 U.S.C. § 1640(e).  Accordingly, the Court strikes Plaintiff's prayer for civil damages in the Second Cause of Action for violation of TILA as time-barred.

United States District Court

For the Northern District of California

rescission and a corresponding remedy of restitution which expires three years after the date of consummation of the transaction or upon the sale of the property.  15 U.S.C. § 1635(a)-(b).

Under Ninth Circuit law, rescission of a loan in violation of TILA that has been refinanced, such that the deed of trust has been superseded by a second loan is precluded.  <u>King v. California</u>, 784 F.2d 910, 913 (9th Cir. 1986); <u>Monaco v. Bear Stearns Residential Mortgage Corp.</u>, 554 F. Supp. 2d 1034, 1038-39 (C.D. Cal. 2008) (holding that Ninth Circuit courts are bound to follow <u>King</u> even though other circuits have made conflicting holdings); <u>Plascencia v. Lending 1st Mortgage, L.L.C.</u>, 2008 U.S. Dist. LEXIS 75746, *12 (N.D. Cal. Sept. 30, 2008) (same).  When a loan is superseded by a subsequent loan, it "cannot be rescinded, because there is nothing to rescind."  <u>King</u>, 784 F.2d at 913.

In this case, Plaintiff alleges that he refinanced the South Pacific loan and replaced it with the March 2006 Greenpoint loan.  (Complaint ¶¶ 98-107.)  Plaintiff incorporates the deeds of trust for both loans into his Complaint, showing that the two deeds of trust for the South Pacific loan were superseded by the deeds of trust for the Greenpoint loan.  (<u>See</u> Complaint ¶¶ 54-55,114-15, Exs. C, D, N, O.)  Thus, Plaintiff has no right to rescind the South Pacific loan under TILA, "because there is nothing to rescind."  <u>King</u>, 784 F.2d at 913.

Accordingly, the Court GRANTS the GMAC Defendants' Motion to Dismiss Plaintiff's First Cause of Action for Violation of TILA.  With respect to the Second Cause of Action for Violation of TILA, the Court strikes Plaintiff's prayer for civil damages as time-barred.

**B.    Third and Fourth Causes of Action:  Violation of RESPA**

The GMAC Defendants move to dismiss Plaintiff's Third and Fourth Causes of Action for violation of RESPA on the ground that they are time-barred by the one-year statute of limitations. (GMAC Motion at 8.)

RESPA requires lenders to utilize a uniform settlement statement which "shall conspicuously and clearly itemize all charges imposed upon the borrower and all charges imposed upon the seller in connection with the settlement."  12 U.S.C. § 2603(a).  Lenders must also provide a "good faith

United States District Court

For the Northern District of California

1    estimate of the amount or range of charges for specific settlement services the borrower is likely to

2    incur in connection with the settlement."  12 U.S.C. § 2604(c).  RESPA provides a one-year statute

3    of limitations for sections 2607 or 2608 claims. 12 U.S.C. § 2614.

4         In this case, Plaintiff's Third and Fourth Causes of Action are grounded in section 2607 of

5    RESPA, which prohibits improper fees in connection with a mortgage transaction.  Thus, Plaintiff's

6    claims are subject to the one-year statute of limitations.  (See Complaint ¶¶ 224-25, 244-45.)  The

7    improper fees were allegedly paid in April 2005, for the South Pacific loan, and in March 2006, for

8    the Greenpoint loan.  (Complaint ¶¶ 47, 107.)  The limitation period begins to run as of the "the date

9    of the occurrence of the violation."  12 U.S.C. § 2614.  This action was filed in April 2008, well

10   after the limitation period ran for both the April 2005 South Pacific loan and the March 2006

11   Greenpoint loan.

12        Accordingly, the Court GRANTS the GMAC Defendants' Motion to Dismiss Plaintiff's

13   Third and Fourth Causes of Action for violations of RESPA.

14   **C.     Sixth Cause of Action:  Conspiracy**

15        The GMAC Defendants move to dismiss Plaintiff's Sixth Cause of Action for Conspiracy on

16   the ground that Plaintiff does not allege that the GMAC Defendants participated in any of the

17   wrongdoing underlying the conspiracy claim.  (GMAC Motion at 8-9.)

18        A conspiracy is not an independent cause of action, but "a legal doctrine that imposes

19   liability on persons who, although not actually committing a tort themselves, share with the

20   immediate tortfeasors a common plan or design in its perpetration." Applied Equip. Corp. v. Litton

21   Saudi Arabia Ltd., 7 Cal. 4th 503, 510-11 (1994).  "By participation in a civil conspiracy, a

22   coconspirator effectively adopts as his or her own the torts of other coconspirators within the ambit

23   of the conspiracy." Id. at 511.  Liability for civil conspiracy generally requires three elements:  (1)

24   formation of a conspiracy (an agreement to commit wrongful acts); (2) operation of a conspiracy

25   (commission of the wrongful acts); and (3) damage resulting from operation of a conspiracy.  Id. at

26   511.

27

28
                                                6

With respect to his conspiracy claim, Plaintiff alleges as follows:

> Defendants entered into an agreement (either explicitly or tacitly) to fraudulently induce Plaintiff to enter into and be bound by the South Pacific and Greenpoint loan transactions. (Complaint ¶ 260.) All of Defendants' acts . . . were directed toward the goal of the conspiracy. (Id.)
>
> All Defendants acted in furtherance of this conspiracy to ensure the completion of the loan by, among other actions . . . providing disclosures and notices that did not comply with TILA . . . failing to provide Plaintiff with Spanish translations of documents as required by Cal. Civil Code § 1632; and failing to investigate and verify Plaintiff's employment status, income or ability to repay the loans. (Id. ¶ 267.)
>
> Plaintiff suffered serious injury as a proximate result of his reasonable and justified reliance on such intentional and material misrepresentations and failures to disclose. (Id. ¶ 268.)

The Court finds that the above allegations are sufficient to put Defendants on notice of the nature and scope of Plaintiff's civil conspiracy claim. Accordingly, the Court DENIES the GMAC Defendants' Motion to Dismiss Plaintiff's Sixth Cause of Action for Conspiracy.

**D.      Twelfth Cause of Action: Violation of the Elder Abuse Act**

The GMAC and Greenpoint Defendants move to dismiss Plaintiff's Twelfth Cause of Action for Violation of the Elder Abuse Act on the ground that the Act merely establishes heightened damages and not an independent cause of action. (GMAC Motion at 12; Greenpoint Motion at 1.)

Violation of the Elder Abuse Act occurs when any person "[t]akes, secretes, appropriates, or retains real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both." Cal. Welf. & Inst. Code § 15610.30. There is a healthy debate among California courts as to whether the Elder Abuse Act confers an independent private right of action. Compare Berkeley v. Dowds, 152 Cal. App. 4th 518, 529 (2007) ("[t]he Act does not create a cause of action as such, but provides for attorney fees, costs and punitive damages under certain conditions"); with Perlin v. Fountain View Management, Inc., 163 Cal. App. 4th 657, 665 (2008) (holding that the Berkeley decision regarding the absence of a private right of action in the Elder Abuse Act was "inconsistent with the California Supreme Court's dicta"). However, several federal courts in California have agreed with and relied upon the Perlin decision for the conclusion that the Elder Abuse Act provides for an independent cause of action. See, e. g., Genton v. Vestin Realty Mortgage II, Inc., Case No. 06-2516, 2007 WL 951838, at *2 (S.D. Cal. Mar. 9, 2007); Negrete v.

7

United States District Court

For the Northern District of California

1    Fid. & Guar. Life Ins. Co., 444 F. Supp. 2d 998, 1002 (C.D. Cal. 2006).

2         The Court is persuaded by the reasoning in Perlin and other district courts in California.  The

3    Court finds that the Elder Abuse Act does in fact confer a private right of action.  Accordingly, the

4    Court DENIES the GMAC and Greenpoint Defendants' Motions to Dismiss Plaintiff's Twelfth

5    Cause of Action for Elder Abuse.

6    **E.**      **Eleventh Cause of Action:  Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.***

7         The GMAC Defendants move to dismiss Plaintiff's Eleventh Cause of Action for Violation

8    of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.,* on the ground

9    that Plaintiff does not allege that GMAC and Homecomings were involved in any predatory lending

10   other than through purchasing the South Pacific and Greenpoint loans.  (GMAC Motion at 12.)

11        "Unfair competition" under Cal. Bus. & Prof. Code § 17200 means "any unlawful, unfair or

12   fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . . ."  The

13   scope of § 17200 "permits violations of other laws to be treated as unfair competition that is

14   independently actionable."  Kasky v. Nike, Inc., 27 Cal. 4th 939, 949 (2002).  It "borrows violations

15   from other laws by making them independently actionable as unfair competitive practices."  Korea

16   Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1143 (2003).  "Virtually any law–federal,

17   state or local–can serve as a predicate for an action under [§ 17200]."  Smith v. State Farm Mut.

18   Auto. Ins. Co., 93 Cal. App. 4th 700, 717-18 (2001).

19        In this case, the Court has denied Defendants' motions to dismiss Plaintiff's Elder Abuse Act

20   claim, which is asserted against all Defendants.  Plaintiff's Elder Abuse Act claim serves as the

21   predicate violation for Plaintiff's UCL claim.  Accordingly, the Court DENIES Defendants' Motion

22   to Dismiss Plaintiff's Eleventh Cause of Action for Violation of § 17200.

23   //

24

25

26

27

28                                                    8

**V.  CONCLUSION**

The Court GRANTS in part and DENIES in part Defendants' Motions to Dismiss, as follows:

(1)     The Court GRANTS the GMAC Defendants' Motion to Dismiss with respect to Plaintiff's First, Third and Fourth Causes of Action.  Since these Causes of Action are  time-barred as a matter of law, Plaintiff cannot cure their defects by amendment. Accordingly, the Court DISMISSES these claims with prejudice.  However, with respect to the Second Cause of Action, the Court only strikes Plaintiff's prayer of relief for civil damages as time-barred.  Plaintiff may proceed with this TILA claim and seek the remedy of rescission as to the Greenpoint loan.

(2)     The Court DENIES the GMAC Defendants' Motion to Dismiss with respect to Plaintiff's Sixth, Eleventh and Twelfth Causes of Action.

(3)     The Court DENIES Greenpoint's Motion to Dismiss Plaintiff's Twelfth Cause of Action.

The parties shall appear for a Case Management Conference on **January 12, 2009 at 10 a.m.** On or before **January 5, 2009**, the parties shall file a Joint Case Management Statement.  The Statement shall include, among other things, a good faith discovery plan with a proposed date for the close of all discovery.


Dated:  December 17, 2008                                         _James Ware_____

                                                                                          JAMES WARE
                                                                                          United States District Judge

United States District Court
For the Northern District of California

9

1

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2
3
4
5
6
7
8
9

Balam Osberto Letona letonalaw@gmail.com
Fred W. Schwinn fred.schwinn@sjconsumerlaw.com
James Matthew Goodin jmgoodin@lockelord.com
John Michael Hochhausler jhochhausler@lockelord.com
Nina  Huerta nhuerta@lockelord.com
Patrick M. Macias pmacias@rflawllp.com
Robin Prema Wright rwright@wrightlegal.net
Sanford Philip Shatz Sandy_Shatz@Countrywide.com
Sara Jean Lipowitz saral@lipowitzsolutions.com
Sarah N. Leger sleger@rflawllp.com
Sonia Ariella Plesset splesset@wrightlegal.net
Stephanie Ann Blazewicz stephanie.blazewicz@bryancave.com
Sunny S. Huo ssh@severson.com
Thomas J. Cunningham tcunningham@lockelord.com

10
11

**Dated: December 17, 2008**                              **Richard W. Wieking, Clerk**

12
13

**By:____/s/ JW Chambers_____**
            **Elizabeth Garcia**
            **Courtroom Deputy**

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California