Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Balám O. Letona (SBN 229642)
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, California 95060-3940
Telephone Number: (831) 421-0200
Facsimile Number: (831) 621-9659
Email Address: letonalaw@gmail.com

Sara J. Lipowitz (SBN 209163)
LAW OFFICE OF SARA J. LIPOWITZ
303 Potrero Street, Suite 27
Santa Cruz, California 95060-2782
Telephone Number: (831) 427-0546
Facsimile Number: (831) 427-0530
Email Address: saral@lipowitzsolutions.com

Attorneys for Plaintiff
CARLOS H. PEREZ

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| CARLOS H. PEREZ,<br><br>      Plaintiff,<br> v.<br><br>GMAC MORTGAGE USA CORPORATION, A/K/A GMAC MORTGAGE, LLC, a Delaware corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; EXECUTIVE TRUSTEE SERVICES, LLC, a Delaware limited liability company; GREENPOINT MORTGAGE FUNDING, INC., a New York corporation; ANDRUS & ASSOCIATES, INC., a California corporation; PAUL RAY ANDRUS, individually and in his official capacity; HOMECOMINGS FINANCIAL, | Case No. C08-01972-JW-HRL<br><br>**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**<br><br>[28 U.S.C. §1292(b)] |

LLC, a Delaware limited liability company; COUNTRYWIDE HOME LOANS, INC., a New York corporation; SOUTH PACIFIC FINANCIAL CORPORATION, a California corporation; RESIDENTIAL MORTGAGE CAPITAL, D/B/A FIRST SECURITY LOAN; a California corporation; JAMES JOHN CHAPMAN, individually and in his official capacity; LUIS G. BARRIOS, individually and in his official capacity; ELIZABETH P. CAMPOS, individually and in her official capacity; and DOES 1 through 20, inclusive,

Defendants.

Plaintiff, CARLOS H. PEREZ (hereinafter "Mr. Perez"), hereby submits his Memorandum in Support of his Motion for Certification for Interlocutory Appeal under 28 U.S.C. §1292(b). Certification is appropriate where, as here, an order (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal … may materially advance the ultimate termination of the litigation. 28 U.S.C. §1292(b).

The question at issue is narrow: whether the refinancing of a home mortgage cuts off the right to rescind the loan under the Truth in Lending Act (the "TILA") and Regulation Z, 15 U.S.C. §1601 *et seq*. TILA and its accompanying regulations provide a complete statutory scheme for the regulation of consumer credit transactions, including the rescission of loans that violate its requirements. Mr. Perez's claim for rescission against Defendant Homecomings was dismissed on the grounds that a single Ninth Circuit case, *King v. California*,[1] mentioned in passing that refinanced loans could not be rescinded because the deed of trust underlying a previous loan is superseded by the later loan.

/ / /

/ / /

/ / /

---

[1] 784 F.2d 910 (9th Cir. 1986).

**A. The Order Meets Each of the Three Grounds for Certification for Interlocutory Review as Set Forth in 28 U.S.C. §1292(b).**

    **1. The Issue of Law is Controlling**

Defendants argue that the continued viability of *King* is not a controlling issue of law because it only involves one of Mr. Perez's claims before the Court, and thus would not materially affect the outcome of the litigation. The loss of any claim, however, materially affects the outcome of the litigation for Mr. Perez, whether he has two claims pending before the Court or one hundred.

A controlling question of law, for the purposes of §1292(b), is one in which the resolution of the issue on appeal could materially affect the outcome of litigation in the district court.[2] It is within the Court's discretion to determine the materiality of a claim; for example, the court in *SCM Corporation v. Xerox Corporation*,[3] sifted through multiple claims and multiple controlling questions to narrow down the proper question for certification, without regard for the fact that other claims would remain even if interlocutory review was denied. The question does not have to be dispositive to be controlling.[4]

Defendants point out that *Hadjipateras v. Pacifica, S.A.*,[5] states that certification is appropriate where there is a discrete point of law or procedure upon which the "whole case or defense will turn." The Ninth Circuit, however, has stated that certifying as controlling only those questions upon which the whole case will turn would essentially read the controlling question of law requirement out of Section 1292(b): "We reject this approach. Congress could easily have chosen only to require that a question materially advance the litigation in order for it to be immediately reviewable. Since Congress chose to add the additional requirement that the issue for which review is sought must be a 'controlling question of law,' it would be improper for us to construe the statute as though these two requirements

---

[2] *In re Cement*, 673 F.2d 1020, 1026 (9th Cir. 1982).
[3] 474 F. Supp. 589 (D. Conn. 1979).
[4] *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959).
[5] 290 F.2d 697, 703 (5th Cir. 1961).

were interchangeable."[6]

Furthermore, the issue materially affects the outcome of the litigation because in order to make good on his TILA claim for rescission against Defendant GMAC, Mr. Perez may at some point be required to satisfy a tender obligation. Mr. Perez estimates that if Defendant Homecomings were required to tender under 15 U.S.C. § 1635, Homecomings would owe him in excess of $30,000 in broker commissions, closing costs, interest payments and prepayment penalties. This amount might seem like small change to national lenders like the Defendants herein, but it represents a vast sum to an elderly homeowner like Mr. Perez and has a direct, quantifiable impact on his ability to tender under the TILA. Mr. Perez's TILA claim against Defendant Homecomings is in no way a "minuscule portion" of the case.

**2. Substantial Ground Exists for Difference of Opinion**

Though Defendants rely on *King* for the proposition that a refinanced loan cannot be rescinded, Mr. Perez argues that *King* itself did not so hold. Rather, the Ninth Circuit upheld the district court's dismissal of King's federal claims on several grounds: first, that the court rightly dismissed all of King's federal claims except two due to untimely filings, missed appearances and/or failure to state a claim; and second, that King's remaining federal claims were barred by the statute of limitations and could not be revived under theories of continuing violations or equitable tolling.[7] The Ninth Circuit's opinion in *King*, which does not even constitute a holding, is dicta whose language is directly at odds with the plain language of the TILA. The fact that there is a substantial ground for difference of opinion on this question is demonstrated by the fact that most courts who have considered the question, including the Sixth and Seventh Circuits, have found the *King* decision to be erroneous.

---

[6] *In re Cement*, 673 F.2d at 1027.
[7] *King*, 784 F.2d at 916.

- 4 -
PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL
Case No. C08-01972-JW-HRL

Even if there was not a split in the federal circuits, there is a split between California state law and the Ninth Circuit, which has led to the incongruous result of consumers having more protection under federal law in California state courts than they have in the federal court.[8] The time is ripe for this imbalance to be revisited and corrected.

**3. Immediate Appeal Will Materially Advance the Ultimate Termination of the Litigation**

Defendants argue that factual overlap among dismissed and remaining claims is a reason not to send "bits and pieces" to be resolved by the Court of Appeals.[9] Leaving aside the fact that in this part of Defendants' argument a single discrete question, earlier characterized as a "miniscule" "sliver of the case," has now budded into several "bits and pieces," Defendants' observation that there is factual overlap among Mr. Perez's claims actually supports Plaintiff's position. Rather than splitting up the litigation, positive resolution of Mr. Perez's single question would ensure that as the litigation moves forward, the appropriate parties are included and undergo discovery of all claims simultaneously.

If Mr. Perez is not able to resolve the question of whether he has a valid TILA rescission claim against Defendant Homecomings early in the case, his ability to tender to Defendant GMAC may be impaired by $30,000 or more. Since Defendant Homecomings and Defendant GMAC are essentially the same entity---Homecomings being a wholly owned subsidiary of GMAC---it is difficult to see why including Defendant Homecomings in the litigation now would burden Defendant GMAC.

**B. A Stay Pending Appeal is Appropriate in This Case**

A stay of proceedings pending the requested interlocutory appeal is necessary to preserve the benefits that appellate resolution in Mr. Perez's favor would offer. Resolving the question of whether Defendant Homecomings should remain a party early in the case also contributes to judicial economy and prevents further prejudice to Mr. Perez's interests.

---

[8] *Pacific Shore Funding v. Zoran Lozo*, 138 Cal. App. 4th 1342, 1353 (Cal. App. 2d Dist. 2006).
[9] Opp. at 5.

# CONCLUSION

For the foregoing reasons, Mr. Perez requests that certification be granted and further proceedings stayed pending appellate resolution. In the alternative, even if the Court does not believe that a stay of the proceedings is appropriate in this case, Mr. Perez still requests that this Court certify this matter for immediate interlocutory appeal.

Dated:  February 6, 2009

/s/ Sara J. Lipowitz
Sara J. Lipowitz (SBN 209163)
LAW OFFICE OF SARA J. LIPOWITZ
303 Potrero Street, Suite 27
Santa Cruz, California 95060-2782
Telephone Number: (831) 427-0546
Facsimile Number: (831) 427-0530
Email Address: saral@lipowitzsolutions.com

Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Balám O. Letona (SBN 229642)
LAW OFFICE OF BALÁM O. LETONA, INC.
1347 Pacific Avenue, Suite 203
Santa Cruz, California 95060-3940
Telephone Number: (831) 421-0200
Facsimile Number: (831) 621-9659
Email Address: letonalaw@gmail.com

Attorneys for Plaintiff
CARLOS H. PEREZ

# CERTIFICATE OF SERVICE

The undersigned, Fred W. Schwinn, does hereby certify that he caused a true and correct copy of the above and foregoing document to be deposited in the United States mail, postage prepaid, addressed to the following:

Thomas J. Cunningham
J. Matthew Goodin
Locke Lord Bissell & Liddell, LLP
111 South Wacker Drive
Chicago, IL  60606

John Hochhausler
Nina Huerta
Locke Lord Bissell & Liddell, LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA  90071

Michael J. Steiner
Sunny S. Huo
Severson & Werson, APC
One Embarcadero Center, Suite 2600
San Francisco, CA  94111

Robin Prema Wright
Sonia Ariella Plesset
Wright Finlay & Zak, LLP
4665 MacArthur Court, Suite 280
Newport Beach, CA  92660

Robert F. Epstein
Patrick M. Macias
Sara N. Leger
Ragghianti Freitas, LLP
874 Fourth Street
San Rafael, CA  94901

on this, the 6th day of February, 2009.

Fred W. Schwinn