IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Carlos H. Perez, | NO. C 08-01972 JW |
|         Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL** |
|   v. | |
| GMAC Mortgage USA Corp., et al., | |
|         Defendants. | |

Presently before the Court is Plaintiff's Motion for Certification for Interlocutory Appeal. (hereafter, "Motion," Docket Item No. 98.) Plaintiff seeks certification for interlocutory appeal of the Court's December 17, 2008 Order ("December 2008 Order"), in which the Court dismissed Plaintiff's First Cause of Action under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq*. (See Docket Item No. 88.) Defendants GMAC Mortgage USA Corp., Trustee Services, LLC and Homecomings Financial, LLC (collectively, "GMAC Defendants") filed a timely opposition. (See Docket Item No. 104.)

Plaintiff's First Cause of Action sought rescission of a March 2005 loan under TILA, 15 U.S.C. § 1635. (First Amendment Complaint ¶¶ 178-79, hereafter, "Complaint," Docket Item No. 16.) The GMAC Defendants moved to dismiss Plaintiff's First Cause of Action because, among other things, Plaintiff had refinanced the March 2005 loan and superceded it with a March 2006 loan. (See Docket Item No. 51.) In its December 2008 Order, the Court held that, under the Ninth

Circuit's decision in King v. California,[1] Plaintiff cannot, as a matter of law, rescind a loan under TILA that has already been superceded by a subsequent loan. (December 2008 Order at 5.)

Plaintiff contends that interlocutory appeal and a stay of all other proceedings are appropriate because the Ninth Circuit's decision in King is incorrect and has been criticized by multiple jurisdictions. (Motion at 7-10.)

Under 28 U.S.C. § 1292(b), a district court can certify for appeal an order that is not ordinarily appealable. Section 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

Section 1292(b) creates three conjunctive certification requirements: (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982). An interlocutory appeal should only be granted if it would avoid protracted and expensive litigation. United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966); In re Cement Antitrust Litigation, 673 F.2d at 1026 (9th Cir. 1982).

In this case, whether Plaintiff can pursue his First Cause of Action under TILA turns on whether the Ninth Circuit's rule in King is applied; the Court has held that King is controlling law of the Circuit. The mere fact that Plaintiff disagrees with the current state of law in the Ninth Circuit as compared to the other circuits is insufficient ground for an interlocutory appeal. In addition, Plaintiff's First Cause of Action is only a small portion of this case; there are nine causes of action and twelve defendants involved in this litigation. Thus, the Court finds that granting interlocutory

---

[1] 784 F.2d 910, 913 (9th Cir. 1986).

2

1  appeal and staying the case would cause substantial delay and not "materially advance the ultimate

2  termination of the litigation."[2]

3    Accordingly, the Court DENIES Plaintiff's Motion for Certification for Interlocutory

4  Appeal.

6  Dated:  February 10, 2009

             JAMES WARE
             United States District Judge

---

[2] The Court also notes that the Ninth Circuit may only overrule its prior decisions through an *en banc* panel, making significant delay in this case even more probable. United States v. Camper, 66 F.3d 229, 232 (9th Cir. 1995).

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Balam Osberto Letona letonalaw@gmail.com
Fred W. Schwinn fred.schwinn@sjconsumerlaw.com
James Matthew Goodin jmgoodin@lockelord.com
John Michael Hochhausler jhochhausler@lockelord.com
Joshua Eric Whitehair jew@severson.com
Nina Huerta nhuerta@lockelord.com
Patrick M. Macias pmacias@rflawllp.com
Robin Prema Wright rwright@wrightlegal.net
Sanford Philip Shatz Sandy_Shatz@Countrywide.com
Sara Jean Lipowitz saral@lipowitzsolutions.com
Sarah N. Leger sleger@rflawllp.com
Sonia Ariella Plesset splesset@wrightlegal.net
Sunny S. Huo ssh@severson.com
Thomas J. Cunningham tcunningham@lockelord.com

**Dated:  February 10, 2009**                              **Richard W. Wieking, Clerk**


                                                           **By:   /s/ JW Chambers            **
                                                                   **Elizabeth Garcia**
                                                                   **Courtroom Deputy**